JACOB STRASSHEIM, Respondent, *vs.* OCTAVIA E. JERMAN, Appellant.

1. *St. Louis—Street improvements—Unexecuted contracts for—Ordinance validating—Acceptance of, etc., etc.*—Under § 9 of the Act of March, 1867, amendatory of the charter of St. Louis, (Sess. Acts 1867, p. 73,) it was competent for the city, where a contract entered into under a certain ordinance remained unexecuted, to adopt and approve such contract by an amendatory ordinance on condition that the contractors would file their written acceptance of the latter ordinance. Such adoption and approval were within the meaning of the above section of the charter a "providing by ordinance" for the performance of the work which had been contracted for.

2. *Street Improvements—Ordinance touching—Completion of—Specification as to time of.*—An ordinance authorizing a City Engineer to make certain street improvements is not invalidated by reason of its failure to specify the time within which the work shall be done.

3. *Special tax-bills—Personal and general judgment on.*—In suit on a special tax-bill, the rendition of a personal or general judgment against defendant is error.

*Appeal from St. Louis Circuit Court.*

*S. N. Taylor & Hamilton Moore*, for Appellant.

I. Special ordinance No. 6,583, fails to specify the time within which it should be performed. Time is of the essence of contracts of this character.

Fixing the time is a part of the legislative power, can only be exercised by the City Council, and cannot be delegated. (See Ruggles vs. Collier, 43 Mo., 365; Thompson vs. Schermerhorn, 6 N. Y., [2 Seld.,] 92; City of East St. Louis vs. Wehrung, 50 Ill., 28.)

II. An ordinance can have no retrospective operation upon a previous contract entered into for building sewers or improving streets. (St. Louis vs. Oeters, 36 Mo., 456; Howard vs. Corporation of Savannah, Charlt., 173.)

*E. C. Kehr*, for Respondent.

I. Ordinance 6,583 will admit of but one construction as to the time when the work was to be done; it instructs the City Engineer to cause it to be done *i. e.*, to have it done forthwith. (Sheehan vs. Gleeson, 46 Mo., 101; § 1, Art. 3, Ordinance No. 5,399.)

II. By ordinance 6,962 the council merely re-affirmed contracts previously and validly made, to which there can be no objection. The amendatory ordinance is valid. (City to use of Fox vs. Schoeneman, 52 Mo., 348.)

III. Respondent having proved the execution and delivery to him of the special tax bill, had made out a *prima facie* case.

SHERWOOD, Judge, delivered the opinion of the court.

Action on a special tax bill for curbing, guttering and macadamizing Caroline street and paving the cross-walks thereof, in front of the property of defendant, situate in city block No. 1,275. An ordinance, No. 6,583, was approved July 3rd, 1868, by the first section whereof the city engineer was "authorized and instructed to cause" said street between two given points, "to be graded, curbed, guttered, macadamized and the cross-walks and side-walks to be paved." The contract for the performance of the above mentioned work was entered into July 31st, 1868, and the dimensions and manner of such work were duly set forth therein ; the grading to be paid for by the city, and the residue of the work by special tax-bills assessed against property owners. Before however, any of such work constituting a charge against such owners was performed, the city by a supplementary ordinance No. 6,962 approved June 29th, 1869, amended ordinance No. 6,583 and a number of others of like sort. The amendatory ordinance declared all contracts yet remaining unfulfilled, which had been made under such former ordinances, valid and binding, upon condition that the contractors would file their written acceptance of such amendatory ordinance with the city engineer, &c.,—as was done in the present case,—on the 10th of July, next succeeding the passage of the ordinance referred to. By the terms of her charter (§ 9, p. 73, Laws 1867,) the city was empowered through her council, * * * * * "to cause the construction * * * * * of all streets, alleys and public highways within the city, at such time and to such extent, and of such dimensions and material, and in such manner and under such general regulations, as may

be provided by ordinance." Under and by virtue of the statutory provisions just cited, it was perfectly competent for the city, where a previously made contract remained unexecuted, to adopt and approve such contract in the way hereinbefore mentioned; and such adoption and approval upon the conditions specified in the amendatory ordinance No. 6,962, were within the meaning of the foregoing section of the charter, a "providing by ordinance" for the performance of the work which had been contracted for, and the contract of July 21st, 1868, was to all intents and purposes, therefore, a contract made and entered into for the first time July 10th, 1869, when the written acceptance of plaintiff was filed with the city engineer. The fact that a general ordinance (No 5,399) was in existence, providing a specific mode by which the approval of the Common Council of all contracts was to be expressed, did not in any way tend to prevent the adoption of a different method, by subsequent ordinance, for giving like expression to legislative approval; for as a matter of course, the same power which ordained the exactment of the one ordinance still existed when the second was approved. It was a matter of no importance that ordinance No. 6,583, specified no time at which the work on Caroline street was to be done. This was so ruled in the case of Carlin vs. Cavender, (decided at the present term) in which we held that a similar ordinance conferred on the city engineer a "present authority," and was sufficiently explicit as to the particular referred to. As the defendant offered no evidence whatever, and as the tax-bill is made by law *prima facie* evidence of its recitals, it only remained for the court to render judgment in behalf of the plaintiff. But the form of that judgment is under decisions heretofore made by us, open to criticism.

That portion of the judgment, which is personal or general in its character, will be reversed, and that portion of such judgment which looks to the enforcement of a lien against the property will be affirmed.

The other judges concur.