————o————

JAMES T. CARLIN, Respondent, *vs.* JNO. S. CAVENDER, Appellant.

1. *Street improvement—Ordinance in relation to—Specification as to time when work is to be done.*—An ordinance authorizing the city engineer of the city of St. Louis to improve certain streets is not rendered invalid by reason of its failure to specify the time within which the work shall be done.

2. *Engineer—Special tax bill—Judgment in case of, should be special against property.*—In suit on a special tax bill for street improvements no general or personal judgment against the defendant can be rendered. The judgment should be a special one against the property.

*Appeal from St. Louis Circuit Court.*

*S. A. Holmes,* for Appellant.

None of the ordinances specify the time in which the work is to be done, or its dimensions or material.

No plans or estimates of the work were prepared by the city engineer, nor were any such plans submitted to or approved by the council. Unless this is done, the statute expressly declares that the contract shall not be valid. (Sess. Acts 1867, Art. 6, § 16, p. 69; State *ex rel.*, Dunn vs. Barlow, 48 Mo., 17.)

The judgment given is clearly not authorized. It is a general judgment against the defendant, instead of the property which the statute charges with the lien. (Neenan vs. Smith, 50 Mo., 525; City to use, &c., vs. Allen, 53 Mo., 44.) The

Carlin v. Cavender.

approval of both the plans and contract by the City Council is a condition precedent to the validity of the contract. (State *ex rel.*, Dunn vs. Barlow, 48 Mo., 17; Ruggles vs. Collier, 43 Mo., 375; Murphy vs. Clemens, *Ibid*, 395; 1 Dillon Mun. Corp., §§ 373, 55, 62; 2 Dillon Mun. Corp., §§ 469, 470; Mayor &c., vs. Reynolds, 20 Md., 1, 12, 13, 14; Zottman vs. San Francisco, 20 Cal., 96; Cowell vs. Martin, 43 Cal., 605; Hewes vs. Reis, 40 Cal., 255; Pavement Co. vs. Painter, 35 Cal., 699; Hoyt vs. East Saginaw, 19 Mich., 44.)

*T. Grace*, for Respondent.

I. The ordinance instructs the engineer to cause the work to be done, and that means to do it at once, or immediately. (Revised Ordinances of 1866, p. 321, § 1.)

It also prescribes the extent and dimensions of street that should be improved, to-wit: The whole street from Compton to Ware Avenue.

It was not necessary that the ordinance should recite the width of the street.

The material and manner of doing the work was sufficiently provided for by the general ordinance. This whole subject has been already sufficiently discussed and passed upon in this court. (Sheehan vs. Gleeson, 46 Mo., 100; see also Revised Ordinances, 1866, p. 327, §§ 13, 14; p. 329, §§ 25, 26.)

It was unnecessary that the engineer should make an estimate of the cost of the whole work to be done, and that such estimate should be approved by the City Council. Under the amended City charter the engineer is required to submit the plans and contracts to the city council for approval. But the estimate is not required to be submitted

WAGNER, Judge, delivered the opinion of the court.

This was an action on a special tax bill issued by the city engineer of the city of St. Louis, to defray the cost of improving Lucas Avenue in front of the property of the defendant. Two objections were made in the answer; first, that the special ordinance numbered 6540, which directed the work to

be done was invalid; and, secondly, that the work was done by the plaintiff after the date fixed by the contract for its completion.

Ordinance 6540, ordering the work to be done, authorized the city engineer to cause Lucas Avenue from Compton Avenue to Ware Avenue to be graded, curbed, guttered, macadamized and the cross-walks and the side-walks to be paved. When this ordinance was passed, the charter gave the City Council "power to cause the construction, reconstruction and repairs of all streets, alleys and public highways within the city at such time and to such extent and of such dimensions and material, and in such manner and under such general regulations, as shall be provided by ordinance." (Sess. Acts 1867, p. 73, § 9.) At the time the work was let out and the contract was performed, there was a general ordinance prescribing the size and character of the materials and the kind of materials to be used, and there is no point made in that respect, but the question is now raised that the time, extent and dimensions of the work are nowhere prescribed or fixed by the ordinance.

So far as the time is concerned in which the work was to be done, we think the ordinance is sufficiently explicit. The engineer is authorized and instructed to cause the work to be done. This conferred on him a present authority. By no fair construction is there any requirement for stating the precise day when the work should be commenced, or within what period it should be finished.

The extent is clearly designated. It is to improve the entire street, from Compton Avenue to Ware Avenue, and the dimensions and materials are prescribed in the amendatory ordinance 6962, which declares that the material to be used for the curbing, guttering, macadamizing and cross-walks shall be of good sound limestone, and such as the vicinity of the city of St. Louis produces, and the side-walks shall be paved with good, hard-burned, red brick, commonly called paving brick; and they are also prescribed in the general ordinance in reference to the engineer department, which sets

out the size and dimensions of the material, and the manner in which it shall be laid down and used. A fair and just construction of the ordinances and charter fully warranted the action of the city and its officers.

There is obviously no merit in the point that the work was not completed within the time limited by the contract. There is nothing to show that time was of the essence of the contract. For prudential reasons the engineer suspended the work for a time and the contractors assented to that suspension, but when it was deemed advisable to proceed the work was then completed and received. It does not appear that the defendant suffered any injury by the delay. The trial seems to have been in all things fair and unexceptionable, but there is an error in the judgment.

The court rendered a personal judgment against the defendant and also a special judgment against the property. Under the decisions of this court no general or personal judgment could be rendered, and that part of the judgment therefore will be reversed and the special judgment will be affirmed. The other judges concur.