Ayers v. Schmohl.

MUNSON D. AYRES, Appellant, v. CHRISTAIN
SCHMOHL, Respondent.

**Kansas City Court of Appeals, December 17, 1900.**

1. **Tax Bills: ORDINANCE: TIME LIMIT.** Though an ordinance
   providing for the reconstruction of a sidewalk prescribed no definite
   time for the completion of the work, a reasonable time is implied.

2. ———: ———: **CONTRACT: TIME LIMIT.** Though an ordinance
   prescribes no time limit, yet if the contract fixes a reasonable time,
   it follows the ordinance.

3. ———: ———: **TIME LIMIT: DELEGATION.** The fixing of the
   time within which public work should be done, is a legislative func-
   tion and can not be delegated to the city engineer.

4. ———: ———: **CONTRACT: TIME LIMIT: ESTOPPEL.** Where
   the ordinance fixes no time for the completion of the work but the
   contract does fix such time, while the property holder may question
   the reasonableness of such limit, the contractor may not; since he
   can not repudiate his own voluntary act, especially where time is
   made the essence of the contract.

Appeal from the Buchanan Circuit Court.—*Hon. A. M.
Woodson,* Judge.

AFFIRMED.

*Stauber & Crandall* and *Huston & Brewster* for appellant.

(1) The ordinance is not obnoxious to the objection that
it is a delegation by the city, of legislative power. Gallaher
v. Smith, 55 Mo. App. 116; Tipton v. Norman, 72 Mo. 380;
Steffen v. Fox, 124 Mo. 634; Hitchcock v. Galveston, 96

U. S. 341. (2)' The ordinance is not void because it does not fix a definite time within which the work shall be commenced and completed, and the lower court erred in refusing the first declaration of law asked by the plaintiff. Carlin v. Cavender, 56 Mo. 286; Strassheim v. Jerman, 56 Mo. 104, 106; City of Springfield v. Davis, 2 Ct. of App. Rep. No. 13, page 765; Rose v. Trestrail, 62 Mo. App. 352; Fass v. Seehover, 60 Wis. 535; Weston v. City of Syracuse (N. Y.), 1 Mun. Corporation cases, 306, and notes to same on page 321. Purdy v. Drake (Ky.), 32 S. W. Rep. 939; Allen v. Woods (Ky.), 45 S. W. Rep. 106; Joyes v. Shadburn (Ky.), 13 S. W. Rep. 361; Vogt v. Buffalo, 133 N. Y. 463. (3) It is no defense to a suit on a special tax bill that work was not done within the time fixed in the contract, if it has been accepted by the city. 25 Am. and Eng. Ency. of Law, 570; 2 Cooley on taxation, 671; Dixon v. Detroit, 86 Mich. 516; Motz v. Detroit, 18 Mich. 514; Ricketts v. Hyde Park, 85 Ill. 110. (4) The ordinance having thus, by implication of law, fixed a reasonable time for the completion of the work, neither the city engineer nor the city council by resolution could abridge or extend that time; and if the work was not completed within the time arbitrarily prescribed in the contract, the tax bill was not void for that reason. Carlin v. Cavender, 56 Mo. 286; Strassheim v. Jerman, 56 Mo. 104, 106; Rose v. Trestrail, 62 Mo. App. 352; City of Springfield v. Davis, 2 Ct. of App. Rep., No. 13, p. 765; Fass v. Seehover, 60 Wis. 535, 540.

*Jas. F. Pitt* for respondent.

(1) The ordinance is void because it prescribes no time within which the work ordered shall be begun or in which it shall be completed. McQuiddy v. Brannock, .70 Mo. App.

535. (2) The ordinance was so framed as to leave to the judgment of the city engineer the question as to whether or not the old walks then ten feet in width should be disturbed, and for this reason it was void. (3) The plaintiff could not recover here, for the reason that the work was not completed within the contract time. McQuiddy v. Brannock, 70 Mo. App. 535; Whittemore v. Sills, 76 Mo. App. 248; Safe D. & T. Co. v. James, 77 Mo. App. 616; Neill v. Gates, 54 S. W. Rep. 460. Where time is the essence of the contract, as in this case, the contract expires by its own limitation, and work done after the death of the contract can not be said to have been done under the contract. Springfield v. Davis, 2 Ct. of App. Rep., No. 13, p. 765.

ELLISON, J.—This is an action brought to enforce a special tax bill issued by the proper authorities of the city of St. Joseph. The judgment in the trial court was against the validity of the bill.

The bill was issued for reconstructing a sidewalk and for curbing and guttering on a portion of a street in said city. The ordinance ordering and directing the improvement did not prescribe any fixed time within which the work should be done. The contract under the ordinance did prescribe a certain time, viz., sixty days. That part of the contract is in the following words:

"The work embraced in this contract shall be commenced within one week after confirmation of this contract by the common council of St. Joseph, Missouri, and carried on regularly and uninterruptedly thereafter (unless the said engineer shall otherwise, in writing, specially direct) with such a force as to insure its completion within sixty days thereafter, the time of beginning, rate of progress and time of completion being essential conditions of this contract.

And if the contractor shall fail to complete the work by the time above specified, the sum of five dollars per day for each and every day thereafter until such completion shall be deducted from the moneys or tax bills payable under this contract."

The contractor began the work within the time stated in the contract, but it is conceded that he wholly failed to complete it within the period prescribed, and for this reason the bill was declared to be void.

Defendant relies, in support of the judgment, on the case of McQuiddy v. Brannock, 70 Mo. App. 535, and the recent case in the supreme court of Neill v. Gates, 152 Mo. 585, as well as Trust Co. v. James, 77 Mo. App. 616. It was decided in those cases that where an ordinance providing for the work prescribed a time in which the work should be done it must be completed within that time and if not, the tax bill would be void. And that the city engineer could not extend that time by contract with the contractor or otherwise. In Rose v. Trestrail, 62 Mo. App. 352, a case arising under conditions differing from those cited, but in which we decided that the provisions of the ordinance fixing a time governed and were of the essence of the contract thereunder. We held in the McQuiddy case, where the charter, on the question here, is identical with that of the city of St. Joseph, that the time when and within which public work of this nature was to be done was a legislative function and could not be delegated to the city engineer.

But the important point of difference between those cases and the one at bar is that the ordinance in each of those cases enacted a certain time within which the work should be done which the contract attempted to vary, while in the present case the ordinance does not fix a time limit. It is silent as to time. Now, though an ordinance does not name or fix a certain or definite time, yet it does not follow that it

has not prescribed a time, for in the absence of a specified time, a reasonable time is implied. So, therefore, we construe the ordinance in controversy as containing an expression of the legislative will of the city council that the work should be completed within a reasonable time. Such an ordinance has been held to be valid, in this respect, under an identical charter, in Carlin v. Cavender, 56 Mo. 286, and Strassheim v. Jerman, 56 Mo. 104. In those cases it is held that by no fair construction of the charter was there any requirement for stating in the ordinance "the precise day when the work should be commenced, or within what period it should be finished." Those cases further held that where the ordinance did not fix a specific time and the contract did, that a failure to complete the work within the time stated in the contract did not necessarily avoid the bill, there being nothing to show that time was of the essence of the contract, or, that the delay was unreasonable. But they by no means intimate that if the ordinance fixes a time, the work need not be completed within such time. Evidently, if the ordinance fixes no specific time in which to begin and complete the work it confers a "present authority" to go ahead with the proceeding and the work must be completed within a reasonable time. If the contract names a specific time, which is not a reasonable time, then it would be void as to the property holder. Thus, for illustration, if an ordinance providing for a piece of grading, which ought readily to be completed in ten days, should fail to state the time in which it should be completed, a reasonable time would be implied, and a contract thereunder which provided that it should be done within a year would be void as to the property holder as being clearly unreasonable and therefore contrary to the ordinance. But if the contract fixes some reasonable period

to complete the work, it is in keeping with the ordinance.

The rulings in this court, as before stated, have been that the time in which public work should be done is a legislative function and that it can not be delegated to the city engineer. This is the view taken by the supreme court in Neill v. Gates, *supra,* for it is there held that the contract can not provide for extending the time beyond the period fixed by the council. There is nothing in Carlin v. Cavender, 56 Mo. 286, contrary to the views expressed in this court, or to those expressed by the supreme court in the Neill case. While the Carlin case does not, in terms, discuss the question of reasonable time, it does recognize that the matter of time is legislative and lies with the council. And it necessarily follows if the time is not named, a reasonable time will be intended and the ordinance will be interpreted as though those words were written therein.

But the vital difference between the Carlin case and this case is that in this case the contract does make the time prescribed of the essence of the contract, while the contract in that case did not and the court so stated.

Plaintiff's position is that since the ordinance did not prescribe a certain time in which the work should be completed, that that portion of the contract fixing a certain time (60 days) should be disregarded as unauthorized. But it clearly should not be disregarded if the time fixed is a reasonable time, for that, as we have seen, would be in keeping with the ordinance. Whether the time fixed is a reasonable time would be open to question and inquiry by the nonconsenting property owner, but it does not follow that the contractor could question it. He, by making the contract, incorporating such provision in it and having it adopted by ordinance and doing the work thereunder, can not be heard to say that the time named was not a reasonable time. To

allow that would be to permit him to repudiate his voluntary act. It would allow him to repudiate what became onerous to him and yet hold on to what was profitable. When the definite time named in the contract was proposed, which he now says was unreasonably short, he should have refused to enter into it and the work could then have been let to some other person. Instead of adopting this fair and reasonable course he accepted the prescribed limit, joined in asserting that such limit was of the essence of the entire contract and by this means obtained the work which he did not propose to complete as he agreed that he would.

It follows from the foregoing that the time prescribed in the contract, as to the maker thereof, must be regarded as a reasonable time. And the contract itself disclosing and declaring that such time was of the essence of the contract, we must hold the failure to do the work in the time agreed renders the tax bill invalid, and the judgment of the circuit court will be affirmed.

*Gill J.,* concurs; *Smith, P. J.,* not sitting.