HENRY S. ALLEN, Respondent, v. W. B. LA FORCE et al., Appellants.

Kansas City Court of Appeals, June 9, 1902.

Taxbills: ORDINANCE: TIME: An ordinance authorizing street improvements is not void because it fails to fix the time for the completion of the work.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

AFFIRMED.

*Marley & Swearingen* for appellants.

(1) Ordinance number 8438 is void because it fails to designate any time within which the improvement was to commence or be completed; and confers no authority, immediate or otherwise, upon any person to proceed to make the improvements. McQuiddy v. Brannock, 70 Mo. App. 535; Carlin v. Cavender, 56 Mo. 288. (2) The ordinances passed upon in Carlin v. Cavender, 56 Mo. 288, and Sheehan v. Gleeson, 46 Mo. 106, are direct and immediate orders upon the city engineer to cause the work to be done and, therefore, confer an immediate authority, in that respect differing from ordinance number 8438.

*W. N. Pickard* for respondent.

The point involved in this case has been passed upon both by this court and the Supreme Court. Carlin v. Cavender, 56 Mo. 286; Strassheim v. Jerman, 56 Mo. 104; Ayers v. Schmohl, 86 Mo. App. 353.

BROADDUS, J.—This is a suit upon certain taxbills issued for work done in improving Olive street in Kansas City, Missouri. An ordinance was regularly passed by the common council of said city providing for paving said street, under which a contract was awarded to H. S. Trestrail to do the work. There is no complaint in regard to the regularity of any of the proceedings, or that the work was not completed as the contract specified, except that the ordinance was void, as it did not fix any time for the completion of the work.

The appeal is taken under the misapprehension that time is of the essence of a contract of this character, and for that reason the plaintiff, as assignee of said contractor, can not recover. In support of this contention, the defendant relies on the following cases, viz.: McQuiddy v. Brannock, 70 Mo. App. 535; Carlin v. Cavender, 56 Mo. 288.

The facts in the first case were that, the contract prescribed that the work should be completed in eighty days from the date when the contract went into effect. The contractor failed to so finish the work, because he was interrupted by injunction proceedings. The court held, that time was of the essence of the contract, and the contractor could not avail himself of the defense set up, that he was prevented from compliance, because he was delayed by the injunction proceedings, as he had not provided against such a contingency, as it was competent for him to have done in making his contract. In the latter case, the court held that there was "no merit in the point that the work was not completed within the time limited by the contract," as there was nothing to show that time was of the essence of the contract. In Ayers v. Schmohl, 86 Mo. App. 349, this court held that though an ordinance prescribes no time limit within which a contract of the character in question shall be performed, the law implies a reasonable time. And in Strassheim v. Jerman, 56 Mo. 104, the court held that "an ordinance, authorizing a city engineer to make certain street improvements, is not invalidated by reason of its failure to specify the time within which the work shall be done."

The question is too well settled in this State for further comment. The cause is affirmed. All concur.