MARGARETTA BOULTON et al., Respondents, v. W. H. KOLKMEYER & COMPANY, Appellants.

Kansas City Court of Appeals, January 5, 1903.

1. **Contracts: SEWER BUILDING: CONSTRUCTION: TIME OF PERFORMANCE: RATIFICATION.** The contract for the construction of a sewer was awarded June 24 and executed on July 20 thereafter. Work began on August 8. On September 9 the city council formally ratified everything done in pursuance of the contract, as of the date of the award. *Held,* the council had power to ratify the contract but not to change its terms, and if the ordinance is to be construed as ratifying what was done under the contract, the time for performance should be computed from the date of commencing work, and an excess of four days is not unreasonable and can make no difference.

2. ———: ———: ———: ———: ———. *Held,* further, that if the contract did not go into effect until the ratification, the work was completed within the contract period.

Appeal from Boone Circuit Court.—*Hon. John A. Hockaday*, Judge.

REVERSED AND REMANDED *(with directions)*.

*E. W. Hinton, Gillespy & Conley* and *W. S. Pope* for appellants.

(1) The contention that the contractor failed to complete the work on time is based on an erroneous theory, as to when the time began to run. On September 9, 1901, the council for the first time by ordinance adopted this contract. The work under the contract was completed on November 1, within seventy working days after its approval by ordinance, but not within seventy days after its date. (2) The contract could not take effect on the date of its execution by the mayor and city clerk, because it had not been authorized by ordinance. Rumsey v. Schell City, 21 Mo. App. 175; Kolkmeyer v. Jefferson City, 75 Mo. App. 683. (3) And since the contract could not become binding on the city until ratified by ordinance, it necessarily follows that it could not, and did not take effect until the passage of the ordinance approving it, namely, September 9, 1901. (4) Where the ordinance authorizing the work fixes the limit for its completion, that time must govern and no stipulation to the contrary in the contract can save it. Although the ordinance may not fix a time limit, yet if the contract itself does fix such a limit, and time is of the essence of the contract, the usual penalty clause will not warrant any substantial delay beyond the limit. It has been equally well settled by the Supreme Court in Carlin v. Cavender, 56 Mo. 286, that where the ordinance fixes no time limit, then a reasonable delay beyond the time specified in the contract will not defeat the taxbill if time is not of the essence of the contract. These rules have been so clearly stated by this court in Ayers v. Schmohl, 86 Mo. App. 349, that further comment is unnecessary.

*N. T. Gentry* for respondent.

(1)    The failure of the contractors to complete the district sewer work within the seventy working days, required by their contract, vitiates the taxbills. McQuiddy v. Brannock, 70 Mo. App. 535; Whittemore v. Sills, 76 Mo. App. 248; Trust Co. v. James, 77 Mo. App. 616; Rose v. Trestrail, 62 Mo. App. 352; Schoenberg v. Heyer, 91 Mo. App. 389; Winfrey v. Linger, 89 Mo. App. 161; Springfield ex rel. v. Davis, 80 Mo. App. 574; Paving Co. v. Ridge, 68 S. W. 1043.    (2)    The work was not completed till more than ninety days thereafter; but on October 15, the city council passed an ordinance extending the time thirty days.    This ordinance of extension was not passed till three days after the seventy days had expired.    Under the repeated rulings of our courts, the city council could not give life to that which was already dead.    Neill v. Gates, 152 Mo. 585; Beverage v. Livingston, 54 Cal. 54.

BROADDUS, J.—This case is like that of Akers v. Kolkmeyer, decided at this term of court, in so far as the legality of the proceedings are concerned leading up to and including the letting of the contract under which the sewer in this case was constructed, as well as the report of the city engineer upon which the taxbill in controversy was issued.    The sole difference being, that in this case it is claimed that the defendant contractors did not complete the work within the time provided for in their contract with the city—time being of the essence of the contract.

On June 24, 1901, the contract for the construction of the sewer in this case was awarded to defendants Kolkmeyer.    On the twentieth of July, next following, the contract was signed by the defendant contractors and the mayor and city clerk on behalf of the city; and on the ninth of September it was formally ratified by an ordinance of the city council.    It was shown, however, that the work of constructing the sewer was begun on August 8 prior thereto, and was then in progress. On October 15, the council by ordinance extended the

time for the completion of the work for thirty days, but it was completed and accepted November 1.

That part of the contract relating to the time in which the work was to be completed is as follows: "The time for the completion of this work shall be seventy working days from the time when the contract takes full force and effect. Should the contractor fail to complete the work to the acceptance of the engineer within the time specified, then there shall be withheld from the money paid to him on his final estimate a sum of money equal to $10 per day for each and every day of such delay as liquidated damages."

That part of the ordinance ratifying said contract that was reduced to writing and signed by defendant contractor and the mayor is as follows: "That all has been done or omitted to be done in awarding said contract to W. H. Kolkmeyer & Co. in said sewer district, and everything that has been done by said Kolkmeyer & Co. in pursuance of said contract is hereby ratified and confirmed as of date when said contract was awarded."

It is admitted that said ordinance is a complete confirmance of and imparts validity to said contract which up to said date had no binding force whatever for want of authority on the part of the mayor and city clerk to make the same. It is claimed that said ordinance has not only the effect of imparting validity to said writing but also that by fair construction it fixes the date for the beginning of work as of the date of the contract itself, which if true, defendant contractors were eighteen days in completing the work in excess of the seventy days fixed by the contract. We do not think it should be so construed.

While it was competent for the council to affirm said contract in all its parts, it was not competent for it to vary its terms in any respect so as to inject any additional obligations upon either the city or the contractors. By the terms of the said writing, the time for the completion of the work was seventy days from the time when the contract should take full force and effect. The

contract did not take full force and effect until it was ratified on the part of the city council. The said ordinance would, however, as an independent proposition have the effect of ratifying what had been done under said unauthorized agreement. Devers v. Howard, 88 Mo. App. 261; State ex rel. v. Milling Co., 156 Mo. 634. It therefore follows, if said ordinance is to be construed as ratifying what had been done under the unauthorized acts of the city's agents, the defendant contractors' liability for the completion of the work would not begin prior to the day in fact on which the work began—the eighth day of August. In which case the contractors substantially complied with their contract. Four days in excess of the seventy working days made no difference as it was not shown that there had been any unreasonable delay or that plaintiff was injured thereby.

It is well-settled law that where there is no ordinance fixing the time within which a contract is to be completed, then time is not of the essence of the contract, unless the contract so provides. Carlin v. Cavender, 56 Mo. 286. The cases on this question were reviewed by Judge Ellison on this court in Ayers v. Schmohl, 86 Mo. App. 349, in which his opinion reads: "Those cases further held that where the ordinance did not fix a specific time and the contract did, that a failure to complete the work within the time stated in the contract did not necessarily avoid the bill, there being nothing to show that time was of the essence of the contract, or that the delay was unreasonable." But if the contract did not go into effect until ratified by the city council, to-wit, on the ninth of September, then the work was completed in forty-four days, which was within the time fixed by said contract. And we can see no good reason for holding otherwise.

For the reasons given the cause is reversed with directions to set aside the judgment of the court sustaining plaintiff's injunction and judgment entered dismissing the bill. All concur.