# JAICKS v. MIDDLESEX INVESTMENT COMPANY, Appellant.

### Division Two, December 22, 1906.

1. **PUBLIC IMPROVEMENT: Time for Completing Work.** The failure of an ordinance to fix the time for the completion of a public improvement does not invalidate the ordinance.

2. **———: Delay in Letting Contract.** Where the ordinance gives the authority for doing the public work, but fixes no time within which the work is to be completed, taxbills issued in payment of the work are not void because of long delay in letting the contract for the doing of the work, if the contract was in compliance with the ordinance and the work was done and completed in compliance with the contract.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale,* Judge.

AFFIRMED.

*A. S. Marley, R. B. Robinson* and *H. H. McCluer* for appellant.

(1) The judgment for plaintiff was against the evidence and should have been for defendant. Heman v. Gilliam, 171 Mo. 258; Ayers v. Schmohl, 86 Mo. App. 349; Allen v. LaForce, 95 Mo. App. 324; Kneeland v. Milwaukee, 18 Wis. 411; State, etc. v. Barlow, 48 Mo. 22; Hazet v. Pittsburg, 137 Pa. 548; Wells v. City of Milwaukee, 20 Wis. 115; Wells v. Burnham, 20 Wis. 112; Ricketson v. Milwaukee, 105 Wis. 591; Hardware Co. v. Erb, 54 Ark. 645; Dewitt v. City of Clinton, 194 Ill. 521; Rich Hill v. Dounan, 82 Mo. 386; Cogshall v. Des Moines, 78 Iowa 235; Highland Co. v. Rhodes, 26 Ohio St. 411; Grant v. Barber, 135 Cal. 188; Railroad v. Effingham, 172 Ill. 607; Otis v. Chicago, 161 Ill. 199; Cass v. People, 166 Ill. 126; People v. Hereford, 167 Ill. 226; Stat ex rel v. St. Louis, 161 Mo. 382; Foss v.

Chicago, 56 Ill. 354; Schoenberg v. Field, 68 S. W. 945; Calif. Imp. Co. v. Reynolds, 123 Cal. 88; Bolton v. Dollern, 105 Cal. 244; Fairbanks, M. & Co. v. North Bend, 94 N. W. 537; Inge v. Public Works, 135 Ala. 187. (2) The contract and specifications and ordinance 9440 are null and void for the reason given in the foregoing authorities.

*T. B. Buckner* for respondent.

(1) Appellant havin had personal knowledge of the work being done, of the passage of the ordinance, having stood still until the contractor had expended his money and finished his work in direct accordance with his contract, the appellant is now estopped to plead any of the irregularities relied upon and raised by them in this case. The record shows a perfect compliance with all the charter requirements, and that the proceedings from the beginning to the end are even void of irregularities. But supposing or admitting some of the objections complained of are irregular, they are not such as will invalidate the taxbill sued on. It is only such defects as affect the substantial rights of the property-owner which will render the tax bills void. Shehan v. Owen, 82 Mo. 464; Ross v. Stackhouse, 114 Ind. 200; Cole v. Strainka, 105 Mo. 309; Morse v. City of Westport, 110 Mo. 502; Johnson v. Duer, 115 Mo. 381; Gibson v. Owen, 115 Mo. 269; Warren v. Barber Paving Co., 115 Mo. 580; Herman on Estoppel, sec. 1221; Barber Pav. Co. v. Edgerton, 125 Ind. 455; Clements v. Lee, 114 Ind. 399; Pretzinger v. Harness, 114 Ind. 498. (2) On the question of estoppel, see, also: Planet Property Co. v. Railroad, 115 Mo. 613; Hellencamp v. City of Lafayette, 30 Ind. 192; Palmer v. Stumpf, 26 Ind. 329; Lafayette v. Fowler, 34 Ind. 146; Gibson v. Owen, 115 Mo. 258; Ritchie v. South Topeka, 38 Kan. 374; Warren v. Barber Asphalt Paving Co., 115 Mo. 580; Traphagen v. Mayor, 29 N. J. Eq. 209; Elliott on Roads and

Streets (2 Ed.), sec. 590; Warren v. Barber Asphalt Pav. Co., 115 Mo. 580; Gibson v. Owens, 115 Mo. 567; Heman v. Ring, 85 Mo. App. 231; Barber Asphalt Pav. Co. v. Hezel, 76 Mo. App. 135, 155 Mo. 391.

FOX, J.—This cause reaches this court by appeal on the part of the defendant from a judgment of the Jackson Circuit Court at Kansas City, Missouri. This proceeding is predicated upon certain special taxbills of the same issue and for the same improvement as those involved in the case of this same respondent against Martha G. Merrill, determined at the present sitting of this court in an opinion by Judge GANTT, and reported at page 91 of this volume. While in that case some of the questions determined were not presented by learned counsel for appellant in the case at bar, yet it does cover, with perhaps the exception of one point, the main propositions insisted upon in the case before us. In the Merrill case the proposition was presented that section 31 of article 10 of the Kansas City charter was in conflict with sections 16 and 17 of article 9 of the Constitution of this State. That question was ably presented by counsel for appellant and the opinion responding to the contention of the appellant upon that question exhaustively treats the subject and finally reaches a conclusion adverse to the appellant. Another question presented in the Merrill case was upon the contention that it was not made manifest by the pleadings or the proof that the amounts designated in the taxbills as contained in some of the counts in the petition, were due and payable at the commencement of the action. This question was also decided adversely to the contention of the appellant.

The proposition that the taxbills upon which a recovery is sought were invalid for the reason that there was no authority shown for Silkwood to sign the name

of the president of the board to such taxbills, was involved in both cases, the Merrill case and the case now under consideration. That question was thoroughly treated in the opinion by Judge GANTT in the Merrill case and it must be held decisive of the same question presented in this case.

Complaint is made in this case as to the vagueness and indefiniteness of the plans and specifications. A similar complaint was made in the Merrill case. We have carefully read in detail the specifications for this improvement and we deem it sufficient in respect to this complaint to simply repeat what was said by this court upon the same subject in the Merrill case. Judge GANTT, in discussing the errors assigned in that case respecting the specifications, said: "It would serve no good purpose to take up each of the objections now urged for the first time to the specifications, but it must suffice to say that we have carefully gone through each one of them, and, in our opinion, they furnish no defense to plaintiff's action on the taxbills."

There is, however, one assignment of error by the appellant which was not presented by the appellant in the Merrill case, nor is it discussed or determined by the opinion in that case; that is the long delay in letting the contract for the improvement after the passage of the ordinance which gave the authority for the improvement, and the letting of the contract. It must be conceded that the contract for making the improvement for which the taxbills involved in this proceeding were issued, was not made for some length of time after the passage of the ordinance. There is something said in the briefs of counsel for both parties in this proceeding as to a ruling of the Federal court upon what is known as "the front-foot-rule," and it is contended by respondent that this was partly the cause of this delay; however, it is immaterial upon the disclosures of the record in this cause as to what was really the cause of

the delay in letting the contract after the passage of the ordinance. The ordinance authorized the improvement to be made and gave full authority for letting the contract for the doing of the work respecting such improvement, and we are unwilling to say that the contractor in this case, who entered into the contract and proceeded to do the work in compliance with it, should be defeated in the recovery of his claim for the work performed under the contract, which was done in compliance with it and the work completed within the time provided for by the contract, by reason of any delay or neglect on the part of the governing board, who had authority by virtue of the ordinance to let the contract. In support of the contention that this delay in letting the contract after the passage of the ordinance is sufficient to defeat a recovery in this action, our attention is directed to the cases of Ayers v. Schmohl, 86 Mo. App. 349; Allen v. La Force, 95 Mo. App. 324, and Heman v. Gilliam, 171 Mo. 258. An examination of those cases will demonstrate that they have no application to the proposition now in hand. Here we have an ordinance which confers a power to make certain improvements and to let by contract the work for making such improvements; no time is designated in such ordinance as to when such improvement shall be completed. It is now the settled law of this State that the failure of an ordinance to fix the time for the completion of the work does not invalidate such ordinance, and it must be kept in mind that the proposition in this case is not that the work was not completed within the time designated by the contract, but the complaint is directed at the delay in exercising the power to let the contract under the ordinance.

An examination of the cases in this State will demonstrate that the courts in discussing the question of time did not have in mind the time in which the power conferred should be exercised, but were treating of the

proposition as to whether it was essential for the ordinance to prescribe a time limit within which the contract entered into by virtue of the power conferred by the ordinance should be performed, and other questions not applicable to the time in which the contract must be let after the passage of the ordinance, but in respect to the time that the work must be completed after the contract for the performance of the work has been entered into.

It was but common knowledge that after the enactment of the ordinance providing for the street improvement designated in such ordinance, public work of this character was at a standstill by reason of the unsettled condition of the law upon what was commonly known as "the front-foot rule;" one of the Federal courts holding that such rule was unlawful, and it was some length of time before that question was settled. This doubtless in a large measure was the cause of the delay in letting the contract for the improvement provided for by the ordinance. We are of the opinion that such delay under the facts disclosed was insufficient to in any way affect either the validity of the ordinance, the power to contract in pursuance of it or the right of the contractor to perform the work in compliance with his contract and recover the amount designated in the special taxbills issued in consideration of the work performed under the contract.

The record before us discloses many other technical objections to the maintenance of this proceeding. It is sufficient to say of them that they have had our careful attention and in our opinion they fall far short of furnishing any valid or substantial defense to the action of the plaintiff on the taxbills in suit.

We have read the disclosures of the record in detail and failing to find any substantial error which would warrant the reversal of the judgment, our con-

clusion is that it should be affirmed, and it is so ordered.

All concur.