CITY OF MARSHALL to the use of COLYER BROTH-
ERS, Respondents, v. MARY A. WISDOM et al.,
Appellants.

Kansas City Court of Appeals, January 6, 1908.

TAXBILLS: Street Improvements: Ordinance: Delay in Making Contract: Jurisdiction. A city of the fourth class on May 9 passed a resolution declaring a certain street improvement necessary. On June 9 ordinance authorizing improvement passed requiring it to be completed within ninety days from the time the contract binds and requiring the clerk to give notice letting the contract, which was done. On July 21 an ordinance passed awarding the contract to the relators. Then nothing was done until June 14 of the next year when an ordinance was passed ratifying and confirming the prior proceedings and the work was completed within ninety days from making the contract and the taxbill issued on August 11. Held, the jurisdiction acquired by the board over the parties and the subject matter was to proceed in the usual course of such matters and within

the limits defined by law, and the board had no authority to abandon the improvement and then after so long a time resume jurisdiction at the place where it was left off.

Appeal from Saline Circuit Court.—*Hon. Samuel Davis,* Judge.

REVERSED.

*Robert M. Reynolds* and *Robert B. Ruff* for appellant.

(1) The city ordinance passed the 31st day of July, 1899, accepted Colyer Bros'. bid for the doing of the work, and upon such date awarded, them the contract, for the doing of such work according to the provisions of the original ordinance. (2) It was their plain duty to have entered into contract upon such date or within such time immediately thereafter as would have been reasonable for such purpose, and proceeded to have made said improvements, within the ninety days, or so as to have completed them about the 1st day of November, 1899. (3) It has been declared time and again by this court and the Supreme Court of the State, that where the time within which work is to be completed is limited in the ordinance, it becomes of the essence of the ordinance and the contract made thereunder and no authority exists to change it. Rose v. Trestail, 62 Mo. App. 356; McQuiddy v. Brannock, 70 Mo. App. 542. Postponing the time for entering into the contract to a greater length of time after the letting than was reasonably necessary for entering into it, is fatal.

*Alf F. Rector* and *Flournoy & Flournoy* for respondents.

The length of time that may be permitted to elapse between the date of the awarding of a contract and the date of the execution and confirmation of same by a

city and a contractor is a matter to be determined by the sound discretion of the city officials, in this case the board of aldermen. Gibson v. Owens, 115 Mo. 258; Springfield v. Weaver, 137 Mo. 650; Boulton v. Kolkmeyer, 97 Mo. App. 530; Jaicks v. Investment Co., 98 S. W. 759.

JOHNSON, J.—This action was brought to enforce the lien of three special taxbills belonging to a series issued by the city of Marshall, a city of the fourth class, to pay the cost of paving one of the public streets. The validity of the bills is attacked in the answer on several grounds, but the court held them to be valid and entered judgment in favor of plaintiffs, from which defendants appealed.

The resolution declaring the improvement to be necessary was duly passed in proper form by the board of aldermen on May 9, 1899. The ordinance authorizing the improvement was passed June 9th. It provided that "the work shall be completed within ninety days from the time the contract therefor binds and takes effect and shall be paid for in special taxbills, etc., and further, that "the city clerk shall, as soon as practicable after the passage and approval of this ordinance give public notice of the letting of the work herein provided for by an advertisement to be inserted for two consecutive weeks in the Daily Democrat-News, a newspaper printed in the city of Marshall, Missouri, asking for sealed bids for the doing of said work, and reserving the right to reject any and all bids," etc. The notice was published as prescribed, bids were received and opened at the time designated and, on July 21, 1899, an ordinance was passed awarding the contract to the relators, "said firm being the lowest and best bidder therefor." Nothing further was done until June 14, 1900, when a written contract was executed by Colyer Brothers and the city and, on the same day, the board

of aldermen passed an ordinance which provided "that the contract executed on the 14th day of June, 1900, between Colyer brothers and their bondsmen and the city of Marshall, for the work of macadamizing, guttering, curbing and bringing to the established grade North street from the center line of English avenue to the west line of Benton avenue under the provisions of ordinance No. 481, approved on the 9th day of June, 1899, be and the same is hereby ratified and confirmed."

The improvement was completed by the contractors within ninety days from the date of the execution of the written contract and the special taxbills were issued and delivered to the contractors on August 11, 1900. The evidence does not disclose the cause, if any, of the long delay between the awarding and the execution of the contract. It is argued by defendants that this unexplained delay of eleven months constituted a substantial violation of the provisions of the ordinance which authorized the improvement and of the statute applicable thereto. [Section 5989, R. S. 1899.]

On the other hand, plaintiffs contend that there was a literal compliance with the terms of ordinance and statute since, in the former it was expressly provided that the period of ninety days allotted to the contractor for the completion of the work should not begin to run until the execution of the written contract and, as the improvement was completed within that period, the delay in the execution of the contract should be regarded as immaterial. We are cited to Gibson v. Owens, 115 Mo. 258; Springfield v. Weaver, 137 Mo. 650; Boulton v. Kolkmeyer, 97 Mo. App. 530; Jaicks v. Investment Co., 201 Mo. 111, 98 S. W. 759, as authorities supporting the contention of plaintiffs, but none of these cases is directly in point. The one most nearly applicable is Jaicks v. Middlesex Investment Co., supra. There the contract for doing the work was not made until about a year after the passage of the ordinance

which, unlike the ordinance in the present case, failed to prescribe a time in which the improvement should be completed.    In differentiating the facts of that case from those appearing in Ayers v. Schmohl, 86 Mo. App. 349; Allen v. LaForce, 95 Mo. App. 324; Heman v. Gilliam, 171 Mo. 258, the Supreme Court said:    "An examination of those cases will demonstrate that they have no application to the proposition now in hand. Here we have an ordinance which confers the power to make certain improvements and to let by contract the (work for making such improvements. . . . It is now the settled law in this State that the failure of the ordinance to fix a time for the completion of the work does not invalidate such ordinance, and it must be kept in mind that the proposition in this case is not that the work was not completed within the time designated by the contract, but the complaint is directed at the delay in exercising the power to let the contract under the ordinance."

In the present case, in prescribing in the ordinance a time for the completion of the work, time was made of the essence of the proceedings.    Property-owners and bidders were assured, in effect, that the proceedings would be conducted to the point of the execution of the contract without unusual or unnecessary delay; otherwise the provision imposing a limit on the time the contractor might consume in the completion of the work would amount to nothing.    The jurisdiction acquired by the board of aldermen over the parties interested and the subject-matter (Springfield v. Weaver, supra) was a jurisdiction to proceed in the usual course of such matters and within the limits defined by law. The board had no authority to abandon the improvement as, apparently, it did, and then after the expiration of a long period of time, resume jurisdiction at the place where it left off.    If, without any excuse, it could delay the execution of the contract for one year, no rea-

son is apparent for saying that it could not delay the matter for five years. It is but fair to presume that had the bidders known that instead of ninety days in which to complete the work, they would have more than a year, other and lower bids would have been offered. Should we tolerate the suggestion that the city officers may delay arbitrarily the execution of the contract in cases where they have made time of the very essence of the proceeding, we would give sanction to a rule which not only might be destructive of real competition in the bidding, but would open the door to fraud and favoritism. [McQuiddy v. Brannock, 70 Mo. App. 542; Galbreath v. Newton, 30 Mo. App. 393; Excelsior Springs Co. v. Ettenson, 120 Mo. App. 215.]

Our conclusion is that the taxbills should be held invalid for lack of jurisdiction in the council to proceed under the abandoned ordinance. The judgment is reversed. All concur.