C. F. Barnes *et al.*, Appellants, v. G. W. Buzzard
*et al.*, Respondents.

### St. Louis Court of Appeals, March 12, 1895.

1. **Practice, Appellate:** DOCUMENTARY EVIDENCE NOT SET FORTH OR DESIGNATED IN BILL OF EXCEPTIONS. Documentary evidence which is not set forth in the bill of exceptions, nor specifically called for or designated therein, can not be considered on appeal.

2. ——: REVIEW OF EQUITY CASES. An appellate court can only review an equity case upon a presentation of the entire testimony.

*Appeal from the Newton Circuit Court.*—Hon. Joseph
L. Cravens, Judge.

Affirmed.

*James H. Pratt* for appellants.

*A. J. Harbison* and *O. L. Cravens* for respondents.

Biggs, J.—This is a proceeding by injunction to enjoin and restrain the defendants, who are the directors of a school district, from issuing warrants on the school funds of the district, and also to restrain them from having a school taught therein. The alleged ground for the equitable interposition of the court was that the site of the school building of the district had been illegally changed, and that the building had been unlawfully removed from its rightful location. The petition alleged that the change of the location of the schoolhouse had been made by authority of a pretended election, at which the requisite number of the qualified voters of the district did not vote for the change. The plaintiffs ask that the election be declared void, and that the defendants be required to move the building back to the old location.

Barnes et al. v. Buzzard et al.

The answer of the defendants put in issue all the material facts. There was a trial, and the issues were found for the defendants and a final judgment entered dismissing the proceedings. The plaintiffs have appealed.

The record is in such a condition that it is impossible for us to review the case. The plaintiffs filed a skeleton bill of exceptions, which merely called for the insertion of the evidence introduced by the respective parties. None of the evidence is copied into the transcript. The skeleton bill only is sent here. It is stated in the briefs of counsel for the plaintiffs that the official stenographer had moved to another state, and for that reason they had been unable to obtain a transcript of the evidence. They are unfortunate in this, but we are powerless to aid them.

They set forth in their briefs certain alleged documentary evidence, which they aver was introduced at the trial, and they insist that the decree of the circuit court be reviewed on that evidence. There are several reasons why this can not be done. One reason is that the alleged evidence is not copied into the bill of exception, nor is it specifically called for or designated in the bill. Another reason is that an appellate court can only review an equity case upon a full presentation of the entire testimony.

The judgment of the circuit court will have to be affirmed. It is so ordered. All the judges concur.