ALLEN v. LABSAP et al., Appellants.

Division One, May 24, 1905.

1. **TAXBILLS: Time Limit: Contract: No Ordinance: Stare Decisis.** In the absence of an ordinance requiring a public improvement to be completed within a definite time, and in the presence of a contract provision specifying a definite time for the completion of the work, followed by other provisions providing for deductions from the money due the contractor on a failure to complete the work within that time, the taxbills issued in payment for the work are not void if the work was completed within a reasonable time. This holding, under the rule of *stare decisis*, is no longer an open question.

2. ———: ———: ———: **Reasonable Time.** Where the delay in completing the work rose from the acts of the city government in compelling the work of reconstructing the street to cease for a fortnight in order to lay water mains and change street railway tracks, the delay is not unreasonable.

3. ————: Missouri Labor Alone: Interstate Commerce. A provision in a contract for a street improvement, and in an ordinance made a part thereof, that "the work of dressing the rock, granite or stone" used in the work "shall be done within the territorial limits of the State of Missouri," is not in violation of the clause of the Federal Constitution which provides that "the Congress shall have power to regulate commerce among the several States;" for neither the contract nor the ordinance refers to or interferes with the right of any citizen of the United States to ship stone or rock anywhere, nor does it attempt to regulate the traffic in such rock.

4. ————: ————: ————: Public Improvement: Right of Municipality. The reasonable right to select material for street or other public improvement exists in and is to be accorded to a municipal government.

5. ————: ————: ————: ————: Right of State. As to public improvements it is within the power of the State, as the guardian and trustee of its people, to prescribe the conditions upon which it will permit public work to be done.

6. ————: ————: Restricting Competition: Injury to Property-Owner. Unless the provision in the contract and ordinance requiring the rock to be used in a public improvement to be dressed within the State, results in some injury to the property-owner, by restricting competition and increasing the cost of the work to him, the taxbills will not be void because the contract contained such a provision. And where the court gave instructions so declaring, and found that no injury to plaintiff resulted from an observance of that provision, and there was substantial evidence to support its finding, the appellate court will not interfere.

7. ————: Repairs. The taxbills are not void because the contract provided that the contractor should deposit with the city a certain sum to be held by it for a certain time as a guaranty fund for making repairs within that time in case the contractor did not make them after notice. Such a provision is not a contract for reconstruction (which the charter requires the city to pay for out of the general revenue fund), but a provision to insure fidelity in the contractor and for a guaranty of good work.

8. APPELLATE PRACTICE: New Matter in Reply. Where no objection was made in the trial court that "the court permitted plaintiff to plead new matter in the reply, to the surprise and prejudice of defendant," the assignment of error will not be considered on appeal.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough, Judge.*

AFFIRMED.

*Sigmund Labsap* for appellants.

(1)    The failure to complete the work in the time specified in the contract constitutes a complete defense and makes the taxbill void.    Time is of the essence of this contract.    McQuiddy v. Brannock, 70 Mo. App. 535; Springfield v. Davis, 80 Mo. App. 594; Neil v. Gates, 152 Mo. 585; Barber Asphalt Co. v. Ridge, 169 Mo. 376.    The alleged causes of the delay as recited in the reply and shown in the evidence are not covered by the contract.    The street commissioner cannot delegate his authority to compensate the contractor for the detention by an extension of time.    This is a function which requires judgment and discretion, and which he must perform himself.    Mechem, Law of Offices and Officers, sec. 567; Charter, art. 4, sec. 35.    (2)    In compelling the contractor to keep the street in repair for a requisite time after the completion of the work, it is attempted to burden the property of defendants in the form of a special tax for reconstruction, which is in violation of section 18, article 6, of the charter.    (3)    The ordinance and provision in the contract restricting the dressing of stone, etc., within the territorial limits of Missouri is void and the taxbill issued for the work invalid.    Charter, art. 6, sec. 27; Dillon, Munic. Corp., sec. 388; State v. Julow, 129 Mo. 163; State v. Loomis, 115 Mo. 319; In re House Bill No. 203, 21 Colo. 27; People ex rel. v. Coler, 59 N. E. 776; People ex rel. v. Coler, 59 N. E. 716; Constitution, sec. 4, art. 2, and sec. 30, art. 2; 14th Amendment, sec. 1 and sec. 2, art. 4, U. S. Constitution.    This clause is also in violation of the interstate commerce clause, U. S. Constitution, which reserves to Congress alone the right to regulate commerce between the States.

*David Goldsmith* for respondent.

(1)    No time for completion was provided by the ordinance under which the work was done, but the con-

tract for the work required the work to be completed within two and one-half months after it was commenced, and the work was actually completed two weeks, or less, after the time thus designated. A distinction exists where the provision for time of completion is by contract only. Carlin v. Cavender, 56 Mo. 286; Heman v. Gilliam, 171 Mo. 258; Const. Co. v. Loevy, 78 S. W. 613. (2) If the evidence for the defendants were considered alone, it might afford basis for a claim that the provision in reference to dressed rock served to increase the taxbill against the property of the defendants to the extent of fifty or sixty cents. Such an effect would not, under any circumstances, warrant a holding that the entire taxbill was vitiated. Atkin v. Kansas, 191 U. S. 207.

LAMM, J.—This is a suit to enforce the lien of a taxbill, levying the cost of certain street improvements against abutting properties, and, *inter alia,* against a lot, the property of appellant Nettie Labsap, fronting twenty-eight feet and eight inches on Easton avenue, between Marcus avenue and Kings Highway boulevard, in St. Louis.

The bill was issued to one G. Eyerman, Jr., as original contractor, who assigned to respondent. Tried to the court without a jury, judgment was entered for plaintiff, from which defendants appealed. The pertinent facts will appear in the opinion.

I. It is contended by appellants that the street improvement was not completed by the contractor within the time limit, hence the taxbill was void.

No special or general ordinance of the city of St. Louis was put in evidence making time of the essence of the transaction or requiring the work to be commenced by a day certain or completed by a given date. The matter relied upon as a defense is contained alone in the contract entered into between the city of St.

Louis and the contractor in clauses 10 and 11, as follows:

"10. The first party shall not be entitled to any claim for damages for any hindrance or delay, from any cause, whatever, in the progress of the work, or any portion thereof; but such hindrance may entitle said first party to an extension of the time for completing this contract sufficient to compensate for the detention, the same to be determined by the street commissioner, provided he shall have immediate notice in writing of the cause of detention.

"11. The work embraced in this contract shall be begun within one week after written notice so to do shall have been given to the contractor by the street commissioner, and carried on regularly and uninterruptedly thereafter (unless the said commissioner shall otherwise, in writing, specially direct), with such a force as to insure its full completion within two and one-half months thereafter—the time of beginning, rate of progress and time of completion being essential conditions of this contract. And if the contractor shall fail to complete the work by the time above specified, the sum of five dollars per day for the first ten days and the sum of ten dollars per day for each and every day thereafter until such completion, shall be deducted from the moneys payable under this contract."

Clause 11 (differing only in time limit) is precisely the contract provision before this court in Heman v. Gilliam, 171 Mo. l. c. 265, et seq. In that case, as in this, there was no ordinance provision regulating the time; in that case, as in this, there was a contract provision that if the contractor failed to complete the work within a specified time deductions should be made from moneys payable under the contract; and in that case, as in this, it was insisted that a violation of the contract time limit was fatal to the taxbills. But we held in the Heman case that such contract, when all its provisions were construed together, in the absence of a

time provision in an ordinance, contemplated that the work might not be completed within the time stated and made provisions for such contingency and, upon its happening, for an extension of time upon terms. That an ordinance, prescribing a definite and mandatory time limit under which work is competed for and bid off, stands on a different footing than a contract made under the ordinance is apparent from our decisions and is agreeable to the common sense of the thing. So that, in the absence of a city ordinance requiring the work to be completed within a definite time and in the presence, as here, of a contract provision specifying a definite time for the completion of the work, followed by other provisions, to which effect must be given, providing for deductions from the money due the contractor on a failure to complete the work within that time, the views of this court on full consideration have come to be that if the work is completed within a reasonable time the taxbills are not void. [Heman v. Gilliam, supra; Schibel v. Merrill, 185 Mo. 534; Barber Asphalt Pav. Co. v. Munn, 185 Mo. 552; Neill v. Gates, 152 Mo. 1, c. 592.]

No sufficient reason is suggested why the reasoning of these cases is unsound, or why the doctrine should not be regarded as settled under the rule of *stare decisis,* and we accordingly hold the question no longer an open one in this State.

In the Schibel case, supra, the taxbill was cancelled on the theory that the contractor, in the absence of an ordinance prescribing a definite time limit and under such a contract provision, had a reasonable time, but that the time actually used was unreasonable and hence the bill was void, but in the case at bar there is no contention made that the time used was unreasonable and, if such contention were insisted upon, it is apparent from the record before us that the delay in completing the work arose from the acts of the city government in compelling the work of reconstructing

the street to cease for a fortnight in order to lay water mains and change street railway tracks.

In passing the point now in hand, it is well enough to say that in the issues presented below and in this court, no contention is made that there should be a deduction from the taxbill because of any delay, but appellants stand squarely on the proposition that the taxbill is void, not that it should be shaved down.

II.    The contract contained the following clause:. "Dressing of rock, granite or stone within the territorial limits of the State of Missouri.—All the work of dressing rock or stone required by this contract shall be done within the territorial limits of the State of Missouri, as provided by ordinance No. 18960, approved April 7, 1897.   Said ordinance is hereby made a part of this contract and must be observed in all of its provisions."

The ordinance referred to is as follows:

"*An ordinance to regulate the doing of public work in the city of St. Louis.*

"Be it ordained by the Municipal Assembly of the city of St. Louis as follows:

"Sec. 1.    All ordinances and contracts authorizing the doing of public work in the city of St. Louis which involves the use of dressed rock, granite or stone shall contain a provision that the work of dressing such rock, granite or stone, shall be done within the territorial limits of the State of Missouri."

Appellants insist that the ordinance included in the foregoing contract provision rendered the taxbill void because (1) it is in violation of section 27 of article 6 of the Scheme and Charter, which provides that the board of public improvements shall "let out said work by contract to the lowest responsible bidder . . .;" (2) because it is violative of section 4 of article 2 of the State Constitution, providing, "That all persons have the natural right to life, liberty and the enjoyment

of the gains of their own industry; that to give security to these things is the principal office of government, and that when government does not confer this security, it fails of its chief design;" (3) because it is violative of section 30 of article 2 of the State Constitution, directing that "No person shall be deprived of life, liberty or property without due process of law;" (4) because it violates section 1 of article 14 of the Federal Constitution, providing that "no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws;" (5) because it violates section 2 of article 4 of the Federal Constitution, providing that "the citizens of each State shall be entitled to all privileges and immunities of the citizens in the several States;" and (6) because it violates the interstate commerce clause of the Federal Constitution, providing that "the Congress shall have power . . . to regulate commerce . . . among the several States."

The learned counsel for appellants does not seem to have been able to refer us to any line of authoritative or persuasive utterances of the recognized oracles of the law holding that a regulation of the character in question impinges upon the constitutional right of Congress to regulate commerce between the several States. In New York, by a divided court, some consolation may be found for the theory advanced. [People ex rel. v. Coler, 166 N. Y. 144; People ex rel. v. Coler, 166 N. Y. 1.] But these were cases where by direct proceedings the right to enforce a State labor law was challenged and the authority of the cases is greatly weakened by Atkin v. Kansas, 191 U. S. 207, in which the Supreme Court of the United States held that as to public improvements (the constitutionality of such law so far as private work was concerned not being de-

cided) it was within the power of the State, as guardian
and trustee of its people, to prescribe the conditions
upon which it will permit public work to be done.

On its face it must be conceded the ordinance is
innocent of blame in this regard; for it in nowise and
nowhere relates to interstate commerce, nor is the right
of any citizen of the United States to at any time ship
stone of any character, dressed or undressed, anywhere
by rail, water or otherwise, referred to or interfered
with, directly or indirectly, nor is the traffic in such
rock regulated, unless it can be said that the extent of
the market for rock, dressed elsewhere than in the ter-
ritorial limits of Missouri, may be inferentially les-
sened by excluding such rock from place in the public
improvements of St. Louis. But on this score, it may
be said that the reasonable right to select material for
street improvements exists and is to be accorded to a
municipal government, under the repeated adjudica-
tions of this court.

For the present, in order to crystallize the assign-
ments of error, we call attention to the fact that, ex-
cluding the interstate commerce contention, the insist-
ence of appellants in their first objection, to-wit, that
the ordinance tends to restrict competition and to im-
pair the right of the citizen to have the contract let to
the lowest responsible bidder, includes the root of the
matter involved in the other contentions relating to due
process of law, to the enjoyment of the gains of one's
own industry and to the abridging of the privileges
and immunities of citizens of the United States, and
may be logically treated together. Considering that
objection, it may be said, *in limine,* that appellants
have no case here directly involving the ordinance in
question, as the owners of stone dressed outside the
territorial limits of the State, nor as dealers in such
stone, nor as contractors whose right to do business in
such stone have been interfered with. Appellants'
right to complain would seem to be based on the theory

that they have been compelled to pay more for this street improvement by virtue of the existence of that ordinance than they would be otherwise compelled to pay. If the ordinance tended to prevent competition and to increase the price, they have suffered injury and have cause of complaint. Otherwise, not. It was in evidence that the rock used in this street improvement was shipped as undressed granite from the State of Georgia and that it was dressed at this end of the line. Evidence was introduced below on the question of restricting competition and the increase of price, appellants showing such a condition of things by one witness that an increase of price and a restriction of competition might be inferred. On the other hand, respondent introduced countervailing testimony tending to show the contrary, and that the rock could be dressed as cheaply in Missouri as it could be at the quarries in Georgia, that the freight on undressed rock was greater than on dressed, and that when rock was shipped dressed, the vicissitudes of the trip resulted in broken edges, thereby necessitating expense for re-dressing on the ground.

Appellants treated the issues as riding off on a question of fact rather than on a mere construction of the language of the ordinance, and therefore asked, and the court gave them, the following instructions:

"The court declares the law to be that under the contract offered in evidence, it was required that all the work of dressing rock, granite or stone required by said contract, should be done within the territorial limits of the State of Missouri, and said work could not under said contract be done in any other portion of the United States.

"The court further declares the law to be that, if it shall find from the evidence that the effect of the provision in said contract above mentioned was to prevent competition and to increase the cost of doing the work referred to in the evidence and that said provision

could not in any way tend to procure a better class or quality of work under the contract referred to in the evidence, the said contract was in violation of the provision of the charter of the city of St. Louis and was illegal and void as against defendants in this case, and the special taxbill issued in payment of said contract was also illegal and void."

And having given that instruction the court found the facts against appellants. With evidence sustaining and warranting the court to so find, we are not at liberty to disturb the finding. [Comer v. Statham, 173 Mo. 246; Butler County v. Bank, 143 Mo. 13.]

The case, then, on this point, must be decided here with the fact found that appellants suffered no injury from the existence of the ordinance, that the right of competition was not restricted nor the price of the improvements increased thereby, and in the face of the axiomatic principle of law that wrong done (or duty neglected) and injury suffered must coincide to be actionable.

It has been held that the selection of a patented cement as a binding for the macadam used in a street improvement does not militate against the charter provision now under consideration. [Swift v. St. Louis, 180 Mo. 80.] So, too, it has been held that the designation of Trinidad Lake asphalt, although the whole natural supply of that article was exclusively owned by a given group of persons, was not obnoxious to the clause in question. [Verdin v. St. Louis, 131 Mo. 26; Barber Asphalt Pav. Co. v. Hunt, 100 Mo. 22; Barber Asphalt Pav. Co. v. Field, 188 Mo. 182.] Without facts before us justifying the distinguishing of these cases from the one at bar, the doctrine there announced would seem to be decisive of the point under consideration; for the mischief of a lack of competition and an increased price is much more readily apparent under the facts in the Verdin case, the Hunt case and the Field case, than in the case at bar.

It results from these views that the contention of appellants must be disallowed.

III.   The contract contained the following further provision:

"13.   And it is hereby agreed that the sum of two hundred dollars, which the party of the first part has paid into the treasury before executing this contract, in accordance with section 1369, article 8, chapter 33, of the Revised Ordinance of 1892, is to be used as a special fund for making repairs in the manner hereinafter provided.

"And if, at any time, within twelve months after the completion and acceptance of the work herein contracted for, the said work shall, in the judgment of the street commissioner, require to be repaired, the said street commissioner shall notify the said first party to make the repairs required.   And if the said first party shall negect to make such repairs within three days from the date of the service of such notice, then the street commissioner shall have the right to cause such repairs to be made, in such manner  as he shall deem best, and the whole cost thereof, both for labor and materials, shall be paid out of the special fund before mentioned."

Appellants insist that by the above provision, the contractor is compelled to keep the street in repair for a definite time.   That this in effect burdens the property holder, in the form and guise of a special tax, for reconstruction, and is violative of section 18 of article 6 of the Scheme and Charter, which provides that "the repairs of all streets and highways  . . .   shall be paid out of the general revenue of the city."

The precise contention has been here repeatedly and has always been rejected by this court, the judicial construction being that a municipal corporation has the inherent power to surround the performance of public work with the same safeguards by way of bonds or deposits that a private individual might provide, to in-

sure fidelity in the contractor, and that the effect of such provision is a mere guaranty of good work and a sound job at the outset. [Barber Asphalt Pav. Co. v. Munn, 185 Mo. 552; Ibid v. Ullman, 137 Mo. 543; Ibid v. Hezel, 155 Mo. 391; Bank v. Woesten, 147 Mo. 467.]

It is next contended that "the court permitted plaintiff to plead new matter in the reply, to the surprise and prejudice of the defendants;" but as no such point was made below it will not be necessary to set forth the matter objected to, nor consider the assignment of error.

We perceive no error in the rulings on instructions. The cause seems to have been well tried, *nisi*, and the judgment is affirmed.

All concur, except *Marshall, J.*, not sitting.