Geltz v. Amsden.

CHARLES GELTZ, Appellant, v. J. W. AMSDEN et al., Respondents.

Kansas City Court of Appeals, June 3, 1907.

1. **APPELLATE PRACTICE: Equity: Defense: Abstract.** In an equitable action restraining the digging of a ditch and a diversion of a creek a payment of fifty dollars for the privilege of digging a ditch was pleaded as a defense. The trial court found against the plea. The judgment being for the defendant on the whole case he saved no exception to the finding on the special defense. *Held,* had the plaintiff brought up the whole evidence relating to such defense the appellate court might . have found for him on that defense.

2. **EQUITY: Petition.** A petition praying for injunction to restrain the digging of a ditch and the diversion of a creek is examined and held to be a petition in equity, although it contains an averment of damages and a prayer therefor, and the trial court properly treated it as one in equity.

3. ————: ————: **Rule of Pleading: Damages.** One may bring an action at law for damages and add thereto a prayer for equity restraining further damage of the same nature, but such rule does not destroy the means of determining what is and what is not an action in equity.

4. ————: **Appellate Practice: Abstract: Evidence.** On an appeal in an action in equity the whole evidence ought to be brought up and if it is not, the judgment cannot be disturbed save for errors in the record proper.

Appeal from Jasper Circuit Court. — *Hon. Howard Gray,* Judge.

AFFIRMED.

*C. H. Montgomery* for appellant.

(1) The court erred in ignoring plaintiff's claim for damages and deciding the case as though it was a bill in equity for an injunction alone. (2) The court erred in finding that there was any necessity to change the creek onto plaintiff's land when, obviously, the whole complaint could have been remedied by cleaning out

the creek at much less expense than was necessarily expended in digging the ditch. (3) The court erred in refusing an injunction after defendants admitted that they had abandoned the plaintiff's land with the creek still there. (4) The court erred in refusing to give plaintiff's declaration of law to the effect that the lease did not authorize defendants to change the channel of Joplin creek and turn it onto the lands of plaintiff.

*Thomas & Hackney* for respondents.

(1) This being an equity case, it was the duty of the appellant, if he sought to have this court review the case on its merits, to embody in the bill of exceptions the whole of the evidence. Instead of doing this, the appellant's bill of exceptions simply sets out in a historical way what the evidence of the respective parties tended to prove. This is insufficient. Rule 14 of this court; Gunby v. Rogers, 42 Mo. App. 465; Barnes v. Buzzard, 61 Mo. App. 346; Roberts v. Bartlett, 26 Mo. App. 618; Sodenberg v. Pierce, 33 Mo. App. 60.

ELLISON, J.—Plaintiff sought to enjoin defendants from diverting the course of certain watercourses and causing them to flow onto and across his land to his irreparable damage. The trial court found for the defendants and dismissed plaintiff's bill.

The defendants insist that this court must affirm the judgment on the record as presented by the plaintiff. Defendants' point is based on the claim that this is an equity case, wherein an appellate court is not bound by the finding of the trial court, and that, necessarily, we must have presented to us the entire evidence that we may make such disposition of the cause as we may deem to be proper. The plaintiff has not brought up the evidence as heard by the trial court. He has merely stated what the evidence tended to prove.

125 App—38

Among the defenses pleaded was that plaintiff had been paid fifty dollars for his consent to digging and maintaining the ditch which caused much of plaintiff's complaint. Plaintiff states there was evidence tending to prove such defense. The trial court found against defendants on that particular defense, but if the evidence had been set out we may have differed with the trial court. It is no answer to this to say, as plaintiff has, that no exception was taken by defendants to the finding against them on that particular defense. Defendants did not need to take exception since the judgment on the whole case was given for them. The fact that they did not except would not prevent us from concluding that the plaintiff could not succeed because of that particular defense which the trial court thought not sufficiently proven. That would be a matter for our consideration. There is no doubt that it was the duty of plaintiff to bring up the entire evidence, if the case is to be considered as one in equity. [Gunby v. Rogers, 42 Mo. App. 465; Barnes v. Buzzard, 61 Mo. App. 346.]

But he claims that it is an action at law and on that ground claims his record to be sufficient. We have no doubt that it is an action in equity. It is true that in an amended petition he asked for money damages in addition to his prayer for an injunction. But the original petition was one merely for injunction. His amended petition, upon which the case was tried, is not a petition in damages. After having stated at length the acts and doings of defendants which he seeks to restrain, the following is the concluding portion of his complaint:

"That defendants are now engaged in widening and enlarging said ditch so that the waters of the entire stream of Joplin creek will be diverted from its natural course and run along and over the said real property of this plaintiff. That if said diversion of the water of said Joplin creek is not prevented and said defend-

ants are not restrained from damming and blocking the water of said stream in the manner aforesaid, said plaintiff will suffer and sustain irreparable injury in the damage of his real property aforesaid, and that an adequate remedy cannot be afforded to plaintiff by an action for damages. Plaintiff alleges that by reason of the premises he has been damaged in the sum of three thousand dollars. Wherefore plaintiff prays that the defendants may be perpetually restrained and enjoined from digging said ditch in the manner aforesaid or enlarging the same or in any manner obstructing or damming said Joplin creek, or in any way interfering with or diverting the water from its natural course therein, and that in the meantime a temporary injunction may be allowed restraining the defendant, their associates, attorneys, agents, contractors, employees and servants and all persons acting in aid or assistants of them or any of them from digging or enlarging the ditch aforesaid or in any way damming or obstructing the water of said Joplin creek or diverting the same from its natural course and channel, and for said sum of three thousand dollars damages and for such other and further relief as to the court may seem just and proper." The case was treated in the trial court as in equity. The record shows a trial before the court and no waiver of a jury appears. The judgment rendered partakes of the form of one in equity and it was doubtless so considered in the trial court.

But plaintiff claims that the trial court misconceived the nature of his action and that it erred in "ignoring" his claim for damages. The court did not overlook the claim for damages more than plaintiff himself did, for we find that he asked no declaration of law from the court on that subject and that no complaint of that nature is made in the motion for new trial. There is no doubt that there are instances where one may bring an action at law for damages and add

thereto a prayer for equitable relief by asking that the defendant be restrained from inflicting further damage of the same nature. [Whipple v. McIntyre, 69 Mo. App. 397; Scheurich v. Light Co., 109 Mo. App. 406.] But it ought not to be considered that such rule of pleading has destroyed all means of determining what is, and what is not, an action in equity. It seems to us that the bill in the present case speaks for itself. The fact that there is an allegation of damages, in a certain amount, inserted in the bill does not alter the nature of the action. A statement of damages from the acts sought to be restrained ought not to change an action, otherwise in equity, into one at law, any more than a request for restraint, in an action at law, should change it into one solely in equity. In truth, the claim for damages in an equitable proceeding is not uncommon. "The jurisdiction of a court of equity over cases of private nuisance is now well established, and in a proper case for equitable interference it will assume and take jurisdiction and give the party all the relief to which he is entitled, even to the settlement of damages. But in order to entitle a party to equitable relief, his right must be clear, and the injury established, as in doubtful cases the party will be turned over to his legal remedy." [Baker v. McDaniel, 178 Mo. 447, 469; 2 Wood on Nuisances, sec. 786.]

The action being clearly one in equity and the record presented not containing the evidence as heard by the trial judge, we are not warranted in disturbing his conclusions, and there being no error in the record proper, we affirm the judgment. All concur.