FREDERICK M. BRIGHAM et al., Appellants, v. WALKER HICKMAN et al., Respondents.

**Kansas City Court of Appeals, February 1, 1909.**

1. **TAXBILLS: Time: Ordinance: Contract: Evidence.** Where the contract but not the ordinance authorizing a street improvement fixes the time of the completion, time is not of the essence of the contract and the work should be completed within a reasonable time, and if the time fixed is not reasonable the city by ordinance may enlarge the time; and on the evidence the time fixed by ordinance is held reasonable.

2. ———: ———: **Delay in Confirming: Collusion: Pleading: Evidence.** Though on proper pleading collusion between the counsel and the contractor to fix the time to suit the latter may be shown yet such evidence is not admissible without proper pleading.

Appeal from Jackson Circuit Court.—*Hon. James A. Goodrich,* Judge.

AFFIRMED.

*Richard B. Wilcox* for appellants.

(1) From May 23, 1905, to July 31, 1906, is an unreasonably long time to tie up a street on work which was to be done in one hundred days. Spalding v. Forsee, 109 Mo. App. 675. (2) Plaintiffs ought to have been permitted to show that, as soon as the court proceedings were ended, they raised the money to pay damages to hasten the grading. (3) That defendant Hickman caused the five months' delay in the confirmation of his contract, though for two months of that time he was working on the grading, plaintiffs ought to have been permitted to prove. (4) The ordinance confirming the contract with defendant, Hickman, and the ordinance extending his time are both invalid because of the long delay and defendant's fraudulent conduct in securing that delay. Marshall ex rel.

v. Wisdom, 127 Mo. App. 640; Gilsonite Const. Co. v. Coal Co., 205 Mo. 49; Neill v. Gates, 152 Mo. 585; Hund v. Rackliffe, 192 Mo. 312; Spalding v. Forsee, 109 Mo. App. 675.

*Charles B. Adams* for respondent.

(1) The ordinance in this case did not fix the time for doing the work, and, under the contract, the work was to be completed within one hundred days from its confirmation. The time thus limited dates, not from the passage of the ordinance or from the date of the letting of the contract, but only from the time when the contract became effective and binding by confirmation. Jaicks v. Investment Co., 201 Mo. 111; Spalding v. Forsee, 109 Mo. App. 675. (2) It is complained that the court should have permitted plaintiffs to show that, as soon as the court proceedings were ended, they raised the money to pay damages to hasten the grading. No such allegation appears in the petition, and the court properly excluded the evidence because it was not within the issues made by the pleadings. The same is true as to the complaint that plaintiffs should have been permitted to prove that defendant Hickman caused the five months' delay in the confirmation of the contract. The petition contained no such charge, and the evidence was not within any of the issues raised by the pleadings. The rule that the proof must be within the issues raised by the pleadings applies as well to equity as to law cases. Bank v. Doran, 109 Mo. 40; Reed v. Belt, 100 Mo. 62; Newham v. Kenton, 79 Mo. 382.

JOHNSON, J.—Action in equity to obtain the cancellation of certain special taxbills issued by Kansas City for the grading of Campbell street between Thirty-ninth and Forty-third streets. Judgment was for defendant, the owner of the taxbills, and the cause

is before us on the appeal of plaintiffs, owners of the property assessed. A contract for grading the street was awarded to defendant, May 23, 1905, but it was not confirmed by the city until October 20th following. The initial ordinance did not prescribe the time for the completion of the grading, but the contract stated it should be completed in one hundred days from the confirmation of the contract and provided a penalty of $10 for each day the completion should be delayed beyond that time. The work was not completed in the contract period, but the time was extended to April 1, 1906, by an ordinance passed January 29th of that year, and the weight of the evidence sustains the contention of defendant that the work was completed March 31, 1906, in accordance with the terms of the contract and within the time specified in the extension ordinance. The taxbills were issued to defendant, July 31, 1906.

One ground of attack on the validity of the assessment is that as time was made of the essence of the contract, the time specified could not be enlarged even by ordinance duly passed within that period. The failure of the ordinance which authorized the improvement to fix a time for the completion of the work did not invalidate the assessment. [Jaicks v. Investment Co., 201 Mo. 111.] And the rule is well settled that where the time of completion is specified in the contract but not in the ordinance authorizing the improvement, time is not of the essence of the contract. In such case, the work must be completed within a reasonable time and where subsequent events demonstrate that the contract time is not reasonable, the city by ordinance enacted within that period may give the contractor reasonable time. [Hund v. Ratcliffe, 192 Mo. 312.] In the absence of a showing to the contrary, we must assume that the time prescribed in the extension ordinance for the completion of the grading was reasonable. This presumption, in our opinion, has not been overcome by the evidence relied on by plaintiffs.

It appears that the weather conditions that winter rendered it impracticable, if not impossible, to prosecute work of that character for a period unusually long, and that defendant availed himself of every opportunity to expedite the work. If he did all that might have been done by an ordinarily diligent and competent person, under the conditions that obtained—and we think he did—it logically follows that the time consumed by him in the prosecution of the work was reasonable.

But, it is argued by plaintiffs, they should have been permitted to prove that the city procrastinated in enacting an ordinance confirming the contract as the result of a collusive understanding between defendant and certain officers of the city, in order that defendant might have more than a reasonable time in which to do the work. Though the contract fixes the date of its confirmation as one of the limits of the period allotted to the work, and though it be true that time is not of the essence of the contract, had the pleadings presented the issue of fraudulent delay in the enactment of the confirmation ordinance for the purpose of giving the contractor a longer time than reasonably was necessary, we would not hesitate to declare the assessment invalid on proof of the existence of such collusive understanding. As we said in Marshall to use v. Wisdom, 127 Mo. App. 1. c. 644: "The jurisdiction acquired by the board of aldermen over the parties interested and the subject-matter was a jurisdiction to proceed in the usual course of such matters and within limits defined by law." On awarding the contract to the successful bidder, it becomes the duty of the city to proceed with reasonable speed to act officially on the confirmation of the contract, else the door would be opened to fraud and favoritism. Bidders generally would prepare their bids on the supposition that the city would complete the preliminary proceedings in the usual course of such matters, and that they would have but a reasonable time in which to complete the improvement, while the

favored bidder would have the advantage of a collusive understanding that he would be given time unreasonably long, through the subterfuge of a delay without cause in the confirmation of the contract. An attempt of that kind would fall nothing short of actual fraud and, as such, would not be tolerated by the law. There is nothing in the case of Jaicks v. Investment Co., supra, at variance with what we have said. There, delay in the proceedings was justified by very good cause and it occurred before, not after, the letting of the contract, and, therefore, could not have operated to favor one bidder over others. But we must sustain the refusal of the trial court to admit the evidence under consideration because of the omission of plaintiffs to raise the issue in the pleadings, and, since we find the improvement was completed within a reasonable time from the date of the confirmation ordinance, we must hold the assessment valid.

Other points are raised by plaintiffs, but what has been said disposes of the case. There is no substantial error in the record and, accordingly, the judgment is affirmed. All concur.