M. L. MONTAGUE, Appellant, v. W. H. KOLKMEYER & COMPANY et al., Respondents.

Kansas City Court of Appeals, June 14, 1909.

1. **TAXBILLS: Public Improvements: Time for Performance.** When an ordinance providing for the improvement of a street prescribes no time for the completion of the work, time is not of the essence of the contract, but the work must be done within a reasonable time, notwithstanding there is a time limit fixed in the contract, and the presumption will be indulged that the time stated in the contract is a reasonable time, but such presumption is not conclusive and where subsequent events show that the time was not reasonably sufficient, it may be extended by ordinance before the expiration of the period, for a length of time which is not unreasonable.

2. ———: ———: **Extension of Time.** Where the time allowed for the completion of a contract for the improvement of a street is found to be too short by reason of excessive rainfall, floods and continued bad weather, the time for the performance of the contract may be extended, notwithstanding the contract fails to provide for an extension of time for such causes.

3. **PUBLIC IMPROVEMENTS: Proceedings to Cancel Special Taxbills: Judgment.** In an action to cancel special taxbills issued to pay for street improvements, it is not error to include in the judgment a finding that the taxbills constitute a valid lien on plaintiff's property, for, although defendants did not seek affirmative relief, the effect of the judgment in their favor is to adjudicate the validity of the taxbills.

Appeal from Carroll Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*Robert M. Reynolds, Virgil Huff* and *Thomas H. Harvey* for appellants.

For material error apparent on the face of the record, the appellate court will reverse a cause, although no motion for a new trial, in arrest or for review, is made in the court below. McIntire v. McIntire, 80 Mo.

470; In re Garrison v. Trust Co., 77 Mo. App. 337; Land Co. v. Bretz, 125 Mo. 418; State ex rel. v. Scott, 104 Mo. 26; Distilling Co. v. Hubbard, 53 Mo. App. 23. The record proper, by law, is the petition, summons, and all subsequent pleadings, including the verdict and judgment. Batson v. Clark, 37 Mo. 31; Land Co. v. Bretz, 125 Mo. 425. The board of aldermen of the city of Marshall, under such an ordinance, had no authority to enter into a contract for the work granting a contract for a longer time than a reasonable time. Curtice v. Smith, 202 Mo. 716. The ordinance is in fact, the contract, and any substantial departure therefrom is fatal. This rule has been recognized and applied in all Missouri cases, and is the well settled law. Newton v. Galbreath, 30 Mo. App. 393; Rose v. Trestrail, 62 Mo. App. 356; McQuiddy v. Brannock, 70 Mo. App. 542; Heman v. Gilham, 171 Mo. 258. Where an ordinance names a specific time within which the work is to be completed, it has been the universal holding of both the Supreme and Appellate Courts of the State that the work must be completed as provided by the ordinance, and that no authority existed anywhere to extend the time or excuse the non-performance. Neill v. Gates, 152 Mo. 585; Paving Co. v. Munn, 185 Mo. 569. To excuse non-performance of a contract the contingency occasioning the non-performance must be provided against in the original contract. Beater v. Coal Co., 56 Mo. App. 221; Brinkerhoff v. Elliott, 43 Mo. App. 186; Fulkerson v. Eads, 19 Mo. App. 620; Davis v. Smith, 15 Mo. 468; Harrison v. Railway, 74 Mo. 364; Cochran v. Railway, 131 Mo. 545.

*Albert B. Hay* and *Albert R. James* for respondents.

The appellate court can review an equity case only upon a presentation of the entire evidence. Geltz v. Amsden, 125 Mo. App. 592; Barnes v. Buzzard, 61 Mo.

App. 346; Gunby v. Rogers, 42 Mo. App. 465; Rule 14 of this court.    The petition, answer, reply and judgment are all that are before this court for review.    State ex rel. v. Sanford, 181 Mo. 134.    This court will not consider a case upon a theory different from that on which it was tried in the lower court. Heman v. Larkin, 108 Mo. App. 392; Atterbury v. Hopkins, 122 Mo. App. 172; James v. United States Cas. Co., 113 Mo. App. 626; Dunnigan v. Green, 165 Mo. 98; Land Co. v. Zeitler, 182 Mo. 265; Steele v. Johnson, 96 Mo. App. 147; Fulwider v. Power Co., 116 S. W. 508.    Furthermore, the remedy invoked is no part of the cause of action pleaded. State ex rel. v. Reynolds, 121 Mo. App. 699; McGrew v. Railroad, 87 Mo. App. 250; State ex rel. v. Horton, 161 Mo. 664; Bender v. Markle, 37 Mo. App. 234; State ex rel. v. Deering, 180 Mo. 53.    The prayer is only the conclusion of law drawn by the pleader and may, if necessary, be disregarded, and the court may grant any relief consistent with the case-made and embraced within the issues.    Sharkey v. McDermott, 91 Mo. 647; Northcraft v. Martin, 28 Mo. 469; Reed v. Bott, 100 Mo. 66; Comings v. Railroad, 48 Mo. 512; Foundry Works v. Water Co., 105 Wis. 48.

JOHNSON, J.—This is a suit in equity for the cancellation of certain special taxbills issued by the city of Marshall, a city of the third class, in payment of the cost of macadamizing, curbing and grading one of the public streets of that city.    No bill of exceptions is in the record and we have before us nothing but the record proper.    A trial to the court resulted in a judgment for the defendants and the cause is here on the appeal of plaintiff.    The ordinance authorizing the improvement entitled:    "An ordinance to macadamize, curb and grade West Arrow street from the center line of English avenue to the west line of Benton avenue, in the city of Marshall, Missouri," was passed July 3, 1905.    Its conformity to the requirements of the statute is con-

Montague v. Kolkmeyer & Co.

ceded in the pleadings, but its provisions are not pleaded. As there is nothing before us for review but the petition, answer, reply and judgment, every inference in favor of the judgment must be indulged and the jugment must be affirmed, unless the face of the pleadings affirmatively shows it to be infected with reversible error. [Geltz v. Amsden, 125 Mo. App. 592; Barnes v. Buzzard, 61 Mo. App. 346; Gunby v. Rogers, 42 Mo. App. 465; State ex rel. v. Sanford, 181 Mo. 134.] We, therefore, assume that the ordinance did not specify a time for the completion of the improvement. It appears from the answer that the contract for the work, made August 7, 1905, provided: "That the work embraced in this contract shall be begun within ten days after this contract binds and takes effect, and shall be prosecuted regularly and uninterruptedly thereafter (unless the Street Commissioner directs otherwise in writing), with such force as to secure, on or before the 7th day of December, 1905, the full completion of all the work embraced in this contract, and if the contractor shall fail to fully complete all the work embraced in this contract within the time above specified, an amount equal to the sum of ten ($10.00) dollars per day for each and every day thereafter until such completion, shall be deducted as liquidated damages for such breach of this contract, from the amount of the final estimate of such work." The answer admits that the work was not completed within the time specified in the contract and alleges that the failure so to do was owing to unfavorable weather conditions (described as an act of God) which made it impossible to prosecute the work and complete it in the prescribed time; that before the expiration of the period, towit, December 4, 1905, the city passed an ordinance extending the time for the completion of the work to January 7, 1906; that on January 1st, a second ordinance was passed further extending the time to January 17th; that the work was completed "within a very short time after the 7th day

of December, 1905, and within a reasonable time thereafter;" that the work was duly accepted by the city by ordinance passed January 15, 1906, and that in making the assessment, the city deducted $390 as a penalty for the delay in the completion of the work beyond the time fixed in the contract.

The grounds on which the validity of the assessment is assailed in the petition are in substance that the improvement was not completed in the time required by the ordinance and contract and was not constructed in conformity to the specifications. The judgment rendered by the court is as follows: "The court finds that there has been a substantial compliance with the terms of the contract and ordinance introduced in evidence and under which the work of macadamizing, curbing and grading West Arrow street from the center line of English avenue to the west line of Benton avenue, in the city of Marshall, Missouri, was done by the defendants, Kolkmeyer & Co., the contractor under said contract, and that the taxbill issued in payment therefor against the property in said taxbill and plaintiff's petition described constitutes a valid and subsisting lien against said property, and that plaintiff is not entitled to the relief prayed for.

"It is therefore considered, ordered and adjudged by the court that plaintiff take nothing by this action, and that defendants go hence without day, and recover of plaintiff their costs in this behalf expended, and that execution issue therefor."

Plaintiff does not contend that the initial ordinance fixed the time for the completion of the work, but does insist that the time allowed in the contract was reasonable, that the delay beyond that time was unreasonable, and that the reason for the delay alleged in the answer instead of showing that the extensions of time granted by the city were necessary and reasonable, demonstrate to the contrary that they were unnecessary and unreasonable.

In the absence from the ordinance of a provision prescribing the time limit in which the improvement should be completed, time was not made of the essence of the contract, though the contract itself fixed a limit. In such cases, the rule is that the work must be done within a reasonable time and the presumption should be indulged that the time stated in the contract is a reasonable time, for, manifestly, the parties themselves so regarded it when they made the contract. This presumption is not conclusive, and where the subsequent facts demonstrate that the time allotted was not reasonably sufficient for the work, the time may be extended by ordinance enacted before the expiration of the period, provided, always, that the whole time allotted must not exceed the limit of a reasonable time. So much has been said on this subject in recent decisions of courts of last resort in this State, that we content ourselves with a mere statement of the rules now considered as well settled. [Heman v. Gilliam, 171 Mo. 258; Allen v. Labsap, 188 Mo. 692; Hund v. Rackliffe, 192 Mo. 312; Curtice v. Schmidt, 202 Mo. 703; Ayers v. Schmohl, 86 Mo. App. 349; Brigham v. Hickman, 116 S. W. 449.]

The first ordinance extending the time was passed before the expiration of the period fixed in the contract and the second ordinance was passed before the expiration of the first extended period. We must begin with the presumption that these legislative acts were properly and lawfully performed and must cast the burden on plaintiff of showing that the time ultimately allowed by the city for the completion of the work was unreasonably long. Plaintiff seeks to escape this burden by pointing to the reasons assigned in the answer as admissions that the time granted in the extension ordinances was unreasonable. The allegations of the answer are to the effect that excessive rainfall, floods and continued bad weather rendered impossible the doing of the work in the time prescribed in the contract. In other words, natural causes against which ordinary

foresight and prudence could not have guarded made unreasonable what appeared as a reasonable time when the contract was made. That this reason afforded good ground for the enactment of the extension ordinances is a proposition not now open to serious question. It is in accord with the decision of the Supreme Court in Hund v. Rackliffe, supra, and of this court in Brigham v. Hickman, supra. In the first of these cases, it was said:

"But where, for any good reason shown, as the inability of the contractor to procure a portion of the materials necessary for the doing of the work, as appears in this case, the work cannot be completed within the contract time, it would be a narrow, strained, unnatural and unreasonable construction of the law to hold that the municipal assembly had not the power, during the life of the contract, to extend the time for the completion of the work; for such act of the municipal authorities would be a legitimate determination of what constitutes a reasonable time, and as no appreciable damages could thereby ensue to the property-owner by the extension, the courts will not interfere with the legislative determination of the reasonableness of the time for the completion of the work. The exact question here involved does not seem, heretofore, to have been adjudicated by this court, but similar conclusions to those here reached have been announced by other tribunals. (Rose v. Trestrail, 62 Mo. App. 352; Sparks v. Land Co., 99 Mo. App. 489; Jenkins v. Stetler, 118 Ind. 275), and the rule here laid down is within the spirit and meaning of the decision of this court in Neill v. Gates, 152 Mo. l. c. 592."

And in the Brigham case, we said: "It appears that the weather conditions that winter rendered it impracticable, if not impossible, to prosecute work of that character for a period unusually long, and that defendant availed himself of every opportunity to expedite the work. If he did all that might have been done by an

ordinarily diligent and competent person, under the conditions that obtained—and we think he did—it logically follows that the time consumed by him in the prosecution of the work was reasonable." Following these cases, we must hold that plaintiff has failed to show that the time allowed for and consumed in doing the work was unreasonable.

The position of plaintiff in his argument that the time could not be extended because of the failure of the contract to provide against delays resulting from unforeseen and unavoidable natural causes is not tenable. We acknowledge the rule that "to excuse non-performance of a contract the contingency occasioning the non-performance must be provided against in the original contract." [McQuiddy v. Brannock, 70 Mo. App. 535; Rose v. Trestrail, 62 Mo. App. 356; Cochran v. Railway, 131 Mo. 607.] The city might have invoked that rule as a ground for refusing to extend the time but it did not choose to do so and, instead, exercised the power given it by law to contract with the contractors for a reasonable time for the performance of the contract.

It must be borne in mind that the initial ordinance itself by implication prescribed a reasonable time for the work and to the extent that the contract unnecessarily shortened that time, the city had authority to give full effect to the ordinance.

Point is made that the court erroneously included in the judgment a finding that the taxbill constituted a valid and binding lien on plaintiff's property. The absence in the answer of a prayer for affirmative relief is the principal basis for this objection. The judgment does not give defendants any affirmative relief. The primary issue presented by the pleadings was the question of the validity of the taxbill. Necessarily, in giving a verdict for the defendants, the court was compelled to find that the taxbill was a valid lien, and such finding entered into and became a part of the judgment, regardless of whether or not it was made to appear on

the face of the recorded judgment.    No good reason is perceived for saying that the court should have omitted the finding from the judgment entered.    Though defendants do not seek affirmative relief in this action, one of the effects of the judgment in their favor rendered on final hearing is to adjudicate the issue of the validity of the taxbill.    [Paving Co. v. Field, 132 Mo. App. 628.]

The judgment is affirmed.    All concur.