# W. S. PAUL, Appellant, v. LOYD BURRESS, Respondent.

**Springfield Court of Appeals, December 5, 1910.**

1. **TAXBILLS: Public Improvements: Delay in Completing Work.** In an action in equity to obtain the cancellation of a special taxbill issued by the city of Joplin for the construction of a sewer along plaintiff's property, it appeared that under the contract for the construction of the sewer, if the contractor had failed to complete the sewer within the time specified, a deduction of five dollars for each day's delay was to be made. The ordinance authorizing the improvement was not set forth in the record. After the expiration of the time specified the city council granted an extension of time, and no deduction was made from the contract price. *Held,* that the taxbill was not void as it appeared the work was done within a reasonable time, but the city council could not grant the extension so as to avoid the reduction from the contract price for the delay, and that such taxbill should be reduced its proportional part.

2. ————: ————: ————: **Taxbills Not Void When.** In the absence of a city ordinance requiring the public improvements to be completed within a definite time, and in the presence of a contract providing for a reduction to be made from the contract price for failure to complete the work within the time specified therein, and the work is completed within a reasonable time, but not within the time specified, taxbills issued for the improvements are not void, but a proper reduction from the contract price for the delay should be made.

3. ————: ————: **Unreasonable Delay.** When no time for the completion of public improvements was fixed by ordinance, and time was not of the essence of the contract, the delay, in order to invalidate a taxbill must be an unreasonable one.

4. ————: ————: ————: **Extension of Time.** It is not within the power of a municipal corporation to extend the time by ordinance for the completion of work on public improvements after such time has expired, and when time is not of the essence of the contract, and extension to be legal must be made before the expiration of the period named in the contract.

5. **PUBLIC IMPROVEMENTS: Municipal Corporations: Contracts: Time Not Essence of, When.** Where time is specified in the contract for public improvements, but not in the ordinance authorizing the improvement, time is not of the essence

of a contract. In such cases the rule is that the work must be done within a reasonable time and the presumption should be indulged that the time stated in the contract is a reasonable time.

Appeal from Jasper Circuit Court.—*Hon. Henry L. Bright,* Judge.

REVERSED AND REMANDED *(with directions).*

*E. F. Cameron* for appellant.

(1)  It has been the law in this state for a great many years that where time is the essence of the contract, the city council could not extend the time for completing the work, after the original time mentioned in the contract had expired. Jones v. Paul, 136 Mo. App. 538; Neill v. Gates, 152 Mo. 585; Hund v. Rackliff, 192 Mo. 312; Construction Co. v. Coal Co., 205 Mo. 49. (2)  The ability of the city to create a lien on the property of one of its citizens in the manner pointed out in the ordinance referred to, is founded not in any absolute or pre-existent right, but rests exclusively in an adherence to the method prescribed by ordinance in pursuance of the authority contained in the charter. Smith v. City, 105 Mo. App. 224; Nevada v. Eddy, 123 Mo. 546; Kirkwell v. Coleman, 77 S. W. 120; Kansas City v. Askew, 105 Mo. App. 84; Kelley v. Oppenheimer, 55 Mo. 376; State v. Bank, 45 Mo. 528. (3) A contractor must provide in his contract for delay, caused by bad weather, scarcity of labor, etc., or he will not be permitted to be heard that such cause is the delay in not completing his contract. McQuiddy v. Brannock, 70 Mo. App. 545; Cochran v. Railway, 131 Mo. 607. (4)  The time provided in the contract is presumed to be a reasonable time for the completion of the work, as to the maker of the contract. Heman v. Gilliam, 171 Mo. 258. (5)  It is of the highest importance that the contract should be completed in

time, and the courts of this state enforce the contracts as they are written. Spalding v. Forsee, 109 Mo. App. 677.

*Trigg & Compton* and *E. B. Chestnut* for respondent.

(1) Time not of the essence of the contract at bar. Heman v. Gilliam, 171 Mo. 258; Construction Co. v. Loevy, 179 Mo. 470; Schibel v. Merrill, 185 Mo. 547; Allen v. Labsap, 188 Mo. 692; Hund v. Rackliffe, 192 Mo. 325; Construction Co. v. Coal Co., 205 Mo. 78; Curtice v. Schmidt, 202 Mo. 715; Sedalia ex rel. v. Smith, 206 Mo. 366; Brigham v. Hickman, 136 Mo. App. 216; Montague v. Kolkmeyer, 138 Mo. App. 293. (2) Extension of time by city council a legislative determination of the reasonableness of time. Heman v. Gilliam, 171 Mo. 258; Brigham v. Hickman, 136 Mo. App. 216; Hund v. Rackliffe, 192 Mo. 325; Construction Co. v. Coal Co., 205 Mo. 78. (3) Tested by the evidence alone respondent completed the contract within a reasonable time. Brigham v. Hickman, 136 Mo. App. 219. (4) The failure of the city council to make any deduction from the taxbill before issuing same did not render same void. Heman v. Gilliam, 171 Mo. 258. (5) Moreover appellant is not in a position to demand a deduction from the taxbill even though he were entitled to it. Construction Co. v. Loevy, 179 Mo. 470; Porter v. Paving & Construction Co., 214 Mo. 1.

NIXON, P. J.—This was an action in equity to obtain the cancellation of a special taxbill for $51.48, issued by the city of Joplin for the construction of a sewer which was laid along an alley back of appellant's property, the grounds alleged for relief being that said taxbill was void and constituted a cloud on appellant's title. Defendant, the owner of the taxbill, prevailed before the chancellor, and the case is be-

fore us on the appeal of the plaintiff, the owner of the property assessed. The ordinance authorizing the improvement is not set forth at any place in the abstract and we have no knowledge of its provisions. The contract for the construction of the sewer, dated February 7, 1907, provided as follows:

"11. The first party shall not be entitled to any claim for damages for any hindrance or delay, from any cause whatever, in the progress of the work, or any portion thereof, but such hindrance may entitle such first party to an extension of time for completing this contract sufficient to compensate for this detention, the same to be determined by the city engineer, provided he shall have immediate notice in writing of the cause of the detention.

"12. The work embraced in this contract shall be begun within one week after written notice so to do shall have been given to the contractor by the city engineer, and carried on regularly and uninterruptedly thereafter (unless the said engineer shall otherwise in writing specially direct) with such a force as to secure its full completion by July 25, 1907, thereafter, the time of beginning, rate of progress, and time of completion being essential conditions of this contract. And if the contractor shall fail to complete the work by the time above specified, the sum of five dollars per day for each and every day thereafter until such completion, shall be deducted from the moneys payable under the contract."

The record furnished us does not show when the city engineer gave the written notice to the contractor to commence work or when work was actually begun. The work was not completed on July 25, 1907. The evidence shows that on August 20, 1907, a request for an extension of sixty days was filed by the defendant with the city council, reciting that on account of delay caused by failure of pipe to arrive in time and scarcity of men, it had been impossible to complete the

work, and the extension was granted. Defendant testified (without contradiction) that the work was completed on September 5, 1907. On October 1, 1907, the report of the committee on sewers was made to the council in which the committee stated that the work was found to be completed "according to the plans, specifications and contract and within the contract time as extended by the city council August 20 to October 20, 1907," and the city council accepted the work. Defendant testified that the reason this report was so long delayed was because Pat Hennessey, the chairman of the sewer committee, was ill, and insisted on seeing the sewer himself before it was accepted; that the sewer had been completed about three weeks when Hennessey inspected it. Defendant admitted that no deduction of five dollars a day after July 25, 1907, was made, and the taxbills were issued for the full amount.

Appellant contends that time is of the essence of the contract in question, and that the city council could not extend the time for completing the work after the original time mentioned in the contract had expired.

This case stands on the border-ground of a number of decisions in this state concerning the branch of taxbill law which has to do with the timely completion of public improvements according to the provisions of the several ordinances and contracts. The general principles have been iterated and reiterated in the following cases: Heman v. Gilliam, 171 Mo. 258, 71 S. W. 163, and cases cited; Allen v. Labsap, 188 Mo. l. c. 695, 87 S. W. 926; Gilsonite Construction Co. v. Coal Co., 205 Mo. l. c. 75, 103 S. W. 93; Brigham v. Hickman, 136 Mo. App. 216, 116 S. W. 449.

In this case, as in that of Allen v. Labsap, supra, no special or general ordinance of the city authorizing the improvement was put in evidence making time of the essence of the transaction or requiring the work to be commenced by a day certain or completed by a

given date. The contract provisions in that case were very similar to those of the contract under consideration. Judge LAMM, speaking for the court, said: "So that, in the absence of a city ordinance requiring the work to be completed within a definite time and in the presence, as here, of a contract provision specifying a definite time for the completion of the work, followed by other provisions, to which effect must be given, providing for deductions from the money due the contractor on a failure to complete the work within that time, the views of this court on full consideration have come to be that if the work is completed within a reasonable time the taxbills are not void." So, in the case of Heman v. Gilliam, supra, the ordinance did not require the work to be completed within any specified time, and this language is used in the opinion: "It is true a time within which the work was to be completed was specified in the contract, but in immediate connection therewith it was also specified that if not completed within that time, the contractor should suffer a forfeiture, not of all his pay under the contract, as would have been the case but for that provision, but only of a certain proportion thereof. The contract contemplated that the work might not be completed within the time stated, and made provision for such a contingency, and upon its happening, for an extension of such time upon terms.   .   .   .   Although the contractor may not have completed the work within the time stated in the contract, yet if he completed the work within a reasonable time the ordinance was complied with, and if the deductions required by the contract are made from the taxbills, the contract is complied with, and when the requirements of both ordinance and contract are fully satisfied, surely neither the city, the property owner, nor anybody else has any ground of complaint against the contractor; and in such case he would be entitled to have taxbills against the property owner for his pro-

portionate share of the contract price, less the amount of such deductions, and to that extent the taxbills would be good. Hence, in this case we do not think the court committed error in refusing to declare the taxbill void from the mere fact that the work may not have been completed within the specified time stated in the contract." . . . This reasoning is clearly applicable to the case under consideration. "And the rule is well settled that where the time of completion is specified in the contract but not in the ordinance authorizing the improvement, time is not of the essence of the contract." [Brigham v. Hickman, 136 Mo. App. 1. c. 218, 116 S. W. 449.]

The question whether the council could, after the time specified in the contract had expired, in the absence of an ordinance provision fixing a time for completion, lawfully extend the time, was considered by the Supreme Court in the case of Gilsonite Construction Co. v. Coal Co., supra, where the following appears: " . . .the common council did, on the 8th of June, 1897, pass an ordinance extending the time for the completion of the work until June 20, 1897, but this ordinance was passed after the expiration of the time limited by the express provisions of the contract, and after all the extensions granted by the city engineer had expired, and this court has ruled in Neill v. Gates, 152 Mo. 1. c. 592, and Hund v. Rackliffe, 192 Mo. 1. c. 324, 325, that it is not within the power of the municipal corporation to extend the time by ordinance for the completion of work after the time for completing it has expired; but if it should be said that the last two cases should be limited to cases in which the time was specified by ordinance, and that when the common council granted this last extension on June 8, it was a legitimate determination of what constituted a reasonable time, the plaintiff is still confronted with the fact that the contractor did not complete the work within the time fixed by the ordinance of June 8,

1897, to-wit, by June 20, 1897, but only finished the work some time in July." In Montague v. Kolkmeyer & Co., 138 Mo. App. 288; 120 S. W. 637, the court said: "In the absence from the ordinance of a provision prescribing the time limit in which the improvement should be completed, time was not made of the essence of the contract, though the contract itself fixed a limit. In such cases, the rule is that the work must be done within a reasonable time and the presumption should be indulged that the time stated in the contract is a reasonable time, for, manifestly, the parties themselves so regarded it when they made the contract. This presumption is not conclusive, and where the subsequent facts demonstrate that the time allotted was not reasonably sufficient for the work, the time may be extended by ordinance enacted before the expiration of the period, provided, always, that the whole time allotted must not exceed the limit of a reasonable time."

So it may be considered as settled in this state that when time is not of the essence of the contract, an extension, to be legal, must be made before the expiration of the period named in the contract.

But it does not necessarily follow that the taxbill in question should be declared void. There being no time for completion fixed by an ordinance provision, the delay, in order to invalidate the taxbill, must have been an unreasonable one, according to the authorities herein cited. The evidence in this record nowhere shows when, according to the contract, the city engineer gave the written notice to the contractor to begin work. The contract provision is that the contractor shall begin work within one week after written notice so to do shall have been given by the city engineer. Are we expected to speculate as to when the city engineer gave the notice? Certainly the contractor could not lawfully begin the work until such notice was given. If, perchance, the notice was not given until

about the time when the work was required to be completed (July 25, 1907), we would not say there was such an unreasonable delay as to invalidate the taxbills, for the work was completed on September 5, 1907. If we are to indulge a presumption at all, it should be in favor of regularity and that defendant completed the work with reasonable dispatch. This is an equity case and the appellate court has power to review the evidence, but counsel must provide a sufficient amount of the evidence to acquaint us with all the facts which passed before the trial court. The sewer in question was three blocks long. Many excuses were offered by defendant for the delay, such as the failure of pipe to arrive, scarcity of labor, limited space in which to work for a part of the distance because of a fence which the owner would not remove, hard bottom, copious rains, a cave-in, etc. These excuses might have been very persuasive with the city council, but of course are not available to the defendant because the ordinance of the city council extending the time for completing the work was not enacted prior to July 25, 1907, there also being no evidence that the city engineer had specially directed in writing an extension of time as provided by the contract. Under the evidence in this case, the attempted extension of time for the completion of the work after the time for its completion had expired by the terms of the contract, was, as we have said, void, and the appellant taxpayer had the right to stand on his legal rights and demand that the contract be enforced as written. It follows that the taxbill in question is valid. The total amount due for the sewer construction is, however, subject to a deduction of five dollars per day from the 25th day of July, 1907, to the date of the completion of the work, as is provided for in the contract, and a proportionate amount thereof should be charged against the taxbill under consideration. The judgment is reversed and

the cause remanded with directions to the trial court to make the deduction as herein provided. All concur.